IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

CHRISTOPHER YOUNG,   )  CIVIL 15-00383 LEK-KSC
          )
   Plaintiff,   )
          )
  vs.       )
          )
MICHAEL M. KRAUS, Owner of )
Tree Works Inc., COUNTY OF )
HAWAII, POLICE DEPARTMENT, )
PATRICK T. KIHARA as a Police )
Officer in the County of  )
Hawaii, State of Hawaii, JOHN )
DOES 1-10, JANE DOES 1-10, )
DOE CORPORATIONS 1-10, DOE )
PARTNERSHIPS 1-10, AND DOE )
GOVERNMENT ENTITIES 1-10,  )
          )
   Defendants.   )
_____ )

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS
THE COUNTY OF HAWAI`I AND THE COUNTY OF HAWAI`I POLICE
DEPARTMENT'S MOTION TO DISMISS; AND GRANTING IN PART AND
DENYING IN PART DEFENDANT PATRICK T. KIHARA'S MOTION TO DISMISS**

    Pro se Plaintiff Christopher Young ("Plaintiff") filed

his Complaint in state court on July 21, 2015.  Defendants the

County of Hawai`i and the County of Hawai`i Police Department

(collectively, "the County") filed a motion to dismiss the

Complaint ("County Motion") on October 7, 2015, and Defendant

Patrick T. Kihara ("Kihara") filed a motion to dismiss the

Complaint ("Kihara Motion") on October 30, 2015.[1]  [Dkt. nos. 5,

_____

   [1] Defendant Michael M. Kraus ("Kraus") filed a statement of
no opposition to the Kihara Motion on November 23, 2015.  [Dkt.
no. 13.]  On January 5, 2016, Plaintiff filed an "Objection" to
Kraus's statement.  [Dkt. no. 23.]

10.]  On January 11, 2016, Plaintiff filed an "Objection" to the Kihara Motion ("Kihara Opposition"), and, on January 19, 2016, Plaintiff filed an "Objection" to the County Motion ("County Opposition").  [Dkt. nos. 26, 29.]  On January 15, 2016, the County and Kihara (collectively, "the County Defendants") filed a joint reply in support of both motions.  [Dkt. no. 27.]  On January 28, 2016, Plaintiff filed an objection to the reply.[2] [Dkt. no. 31.]  The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the motions, supporting and opposing documents, and the relevant legal authority, the County Motion and the Kihara Motion are HEREBY GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

## BACKGROUND

According to the Complaint, on July 25, 2013, at approximately 11:40 a.m., Plaintiff and Kraus were involved in a motor vehicle accident in Hilo, Hawai`i.  While Kraus's vehicle was stopped at a stop sign on a hill, he put his vehicle in

---

[2] This Court notes that, other than the memorandum in opposition and the reply, "[n]o further or supplemental briefing shall be submitted without leave of court."  Local Rule LR7.4. This Court CAUTIONS Plaintiff that, in the future, if he files any post-reply documents without obtaining leave of court, this Court may strike the filing.

reverse and struck Plaintiff's vehicle.  Plaintiff alleges that, as a result of Kraus's negligence, Plaintiff's vehicle was damaged, and Plaintiff suffered substantial bodily injury. [Notice of Removal, filed 9/28/15 (dkt. no. 1), Decl. of Laureen L. Martin ("Martin Removal Decl."), Exh. A (Complaint) at ¶¶ 6, 8-9, Exh. 1 (State of Hawaii Motor Vehicle Accident Report, dated 7/29/13).]

According to Plaintiff, Kraus is the owner of Tree Works Inc. ("Tree Works"), and Kraus was operating a commercial vehicle when he was involved in the accident.  [Id. at ¶¶ 2, 6.] Plaintiff sues Kraus in his individual capacity and in his official capacity with Tree Works.  [Id. at ¶ 2.]

Plaintiff called 911 for police assistance and, an hour later, he called 911 for an ambulance.  Kihara[3] and the ambulance arrived at approximately 12:40 p.m.  [Id. at ¶ 7.]  Although Kihara acknowledged that Kraus operated his vehicle in a negligent manner, he did not issue a citation to Kraus, and his accident report did not reflect Plaintiff's injury.  [Id. at ¶ 10, Exh. 1.]  Plaintiff argues that Kihara had a duty to issue a criminal citation after the accident.  [Id. at ¶ 11.]

Plaintiff alleges that, as a result of the actions of the County Defendants and Kraus (collectively "Defendants"), he

---

[3] The Complaint alleges that Kihara is employed by the County of Hawai`i Police Department.  [Complaint at ¶ 4.]

suffered "emotional and psychological trauma, loss of property, as well as financial loss." [Id. at ¶ 12.]  Plaintiff alleges the following claims: fraudulent misrepresentation ("Count I"); intentional infliction of emotional distress ("IIED") and/or negligent infliction of emotional distress ("NIED" and "Count II"); interference with chattels ("Count IIA");[4] a 42 U.S.C. § 1983 claim for civil rights torts under federal common law ("Count III"); a § 1983 claim for violation of his Fourteenth Amendment right to due process ("Count IV"); a § 1983 claim for violation of his Fourth Amendment right to be free from the use of excessive and unreasonable force ("Count V"); a claim for fees and costs ("Count VI"); and a claim for punitive damages ("Count VII").  Plaintiff prays for the following relief: general, special, consequential, incidental, and punitive damages: fees and costs; prejudgment interest; and any other appropriate relief.

On September 28, 2015, the County removed the case to this district court based on federal question jurisdiction. [Notice of Removal at ¶ 4.]  The County asserted that it was the only party that had been properly served by the time of removal. [Id. at ¶ 9.]  Before filing the Notice of Removal, the County's

---

[4] Plaintiff apparently misnumbered his counts.  Both his IIED/NIED claim and his interference with chattels claim are designed as Count II.  For the sake of clarity, this Court will refer to the interference with chattels claim as "Count IIA".

counsel attempted to speak to Kraus, but was unable to do so. Counsel was informed by someone at Tree Works that a copy of the Complaint was delivered to Tree Works on September 23, 2015. Counsel states that she "believe[s] all Defendants have and/or will consent to the removal of this matter."  [Martin Removal Decl. at ¶ 11.]  The County argues that the delivery of the Complaint to Tree Works was an improper attempt to serve Kraus. [Notice of Removal at ¶ 9.]

The County Motion argues that Plaintiff's Complaint fails to state a claim upon which relief can be granted because: the County owed no duty to Plaintiff because there is no private cause of action to enforce the criminal statutes that Kraus allegedly violated; Plaintiff did not suffer any damages as a result of Kihara's failure to issue a citation; Plaintiff has not alleged sufficient facts to support any of his claims; Plaintiff's claim for fees and costs and his claim for punitive damages fail because all of his substantive claims fail; and, even if any substantive claim remains, municipalities cannot be held liable for punitive damages.  The County urges this Court to dismiss the Complaint with prejudice.

The Kihara Motion raises the same arguments as the County Motion.  In addition, Kihara argues that this Court should dismiss the claims against him because he was not properly served

and because he has qualified immunity.  Kihara also urges this
Court to dismiss the Complaint with prejudice.

## DISCUSSION

**I.   Service on Kihara**

On October 16, 2015 – after removal, Plaintiff sent the
Complaint to Kihara's workplace via certified mail, return
receipt requested.  [Kihara Motion, Decl. of Laureen L. Martin
("Martin Kihara Decl."), Exh. B (copy of the envelope sent to
Kihara's workplace).]  Kihara argues that this was not proper
service under Fed. R. Civ. P. 4(e), which states:

> Unless federal law provides otherwise, an
> individual – other than a minor, an incompetent
> person, or a person whose waiver has been filed –
> may be served in a judicial district of the United
> States by:
>
>> (1)  following state law for serving a
>> summons in an action brought in courts of
>> general jurisdiction in the state where the
>> district court is located or where service is
>> made; or
>>
>> (2)  doing any of the following:
>>
>>> (A)  delivering a copy of the summons
>>> and of the complaint to the individual
>>> personally;
>>>
>>> (B)  leaving a copy of each at the
>>> individual's dwelling or usual place of
>>> abode with someone of suitable age and
>>> discretion who resides there; or

> (C)   delivering a copy of each to an
> agent authorized by appointment or by
> law to receive service of process.

Mailing a complaint by certified mail to a defendant's workplace

does not constitute proper service under Rule 4(e)(2).

Under Rule 4(e)(1), Plaintiff could make service by

complying with Hawai`i state law.  Hawai`i law allows for service

by certified mail in certain circumstances.

> When service of summons is provided for by section
> 634-33, 634-34, or 634-35, service shall be made
> by service upon the defendant personally by any
> person authorized to serve process in the place in
> which the defendant may be found or appointed by
> the court for the purpose, or sent by certified,
> registered, or express mail, postage prepaid, with
> return receipt requested, by the plaintiff or the
> plaintiff's attorney to the defendant. . . .

Both Haw. Rev. Stat. § 634-33, which governs service in cases

arising from the defendant's operation of a motor vehicle, and

Haw. Rev. Stat. § 634-34, which governs service on boat

operators, state that service is to be made pursuant to § 634-36

"if the defendant cannot be found in the State."  Haw. Rev. Stat.

§ 634-35 is the Hawai`i long-arm statute, and subsection (b)

allows service pursuant to § 634-36 "if the person cannot be

found in the State."

The factual allegations of the Complaint do not trigger

the application of either § 634-33 or § 634-34.  Moreover,

neither § 634-33, § 634-34, nor § 634-35 apply because the record

reflects that Kihara could be found within the State.  See

Martin Kihara Decl., Exh. B (copy of the envelope that Plaintiff used to mail the Complaint to Kihara in Hilo, Hawai`i).  This Court CONCLUDES that § 634-36 does not apply to Plaintiff's service of Kihara, and therefore the attempted service via certified mail was not proper service under Rule 4(e).  This Court GRANTS the Kihara Motion insofar as Plaintiff's claims against Kihara are DISMISSED for lack of proper service.

## II.  <u>Claims Against the County Defendants</u>

According to the County Defendants, underlying all of Plaintiff's claims against them is the assumption that they owe a duty to Plaintiff to enforce state criminal laws and that Plaintiff has private right of action to enforce that duty. Based on the allegations in the Complaint, Plaintiff appears to contend that Kihara should have cited Kraus for a violation of Haw. Rev. Stat. § 707-705 or § 707-706.[5]  The County Defendants

---

[5] Section 707-705(1) states:

> A person commits the offense of negligent injury in the first degree if that person causes:
>
>> (a)  Serious bodily injury to another person by the operation of a vehicle in a negligent manner; or
>>
>> (b)  Substantial bodily injury to a vulnerable user by the operation of a [vehicle] in a negligent manner.

Section 707-706(1) states: "A person is guilty of the offense of negligent injury in the second degree if that person causes

(continued...)

emphasize that "[w]hether to prosecute and what criminal charges to bring are decisions that generally rest in the discretion of the prosecutor," and they argue that, as a general rule, "criminal statutes do not provide a private cause of action or a basis for civil liability."  [Mem. in Supp. of County Motion at 4; Mem. in Supp. of Kihara Motion at 5.]

Both this district court and the Hawai`i state courts have recognized that the prosecutor has broad discretion to determine whether charges should be filed against a defendant. See, e.g., Veloria v. United States, Crim. No. 00-00145 SOM, Civ. No. 08-00019 SOM/BMK, 2008 WL 4055819, at *15 (D. Hawai`i Aug. 28, 2008) ("prosecutors are afforded broad discretion in selecting whom to prosecute and what charges to bring, subject to constitutional limits"); Naluai v. Naluai, 99 Hawai`i 363, 368, 55 P.3d 856, 861 (Ct. App. 2002) ("[t]he prosecutor not only has complete discretion as to whether to charge, he also has complete discretion as to when charges will be filed, what charges will be filed, how many charges will be filed, and under what statutes the charges will be made" (alteration in Naluai)).  However, courts do not extend the same level of discretion to law enforcement officers that they do to prosecutors.  For example, one district court has stated:

---

[5](...continued)
substantial bodily injury to another person by the operation of a vehicle in a negligent manner."

> [T]he judiciary owes special deference to the prosecutorial office. The exercise of prosecutorial discretion in bringing charges is a power within the "'special province' of the Executive." [United States v. Armstrong, 517 U.S. 456,] 464, 116 S. Ct. 1480 [(1996)]. "As a result, the presumption of regularity supports their prosecutorial decisions and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties." Id. (internal quotation marks, brackets and citation omitted). **Law enforcement officers, in contrast, never have been afforded the same presumption of regularity extended to prosecutors.** Courts have recognized the possibility that officers in the field occasionally may abuse their discretion and selectively target specific groups and individuals on the basis of race or other illegitimate factors. See, e.g., United States v. Martinez-Fuerte, 428 U.S. 543, 559, 96 S. Ct. 3074, 49 L. Ed. 2d 1116 (1976); Delaware v. Prouse, 440 U.S. 648, 661, 99 S. Ct. 1391, 59 L. Ed. 2d 660 (1979).

Rodriquez v. Cal. Highway Patrol, 89 F. Supp. 2d 1131, 1141 (N.D. Cal. 2000) (emphasis added). Similarly, the Ninth Circuit has stated that, "[u]nlike prosecutors, who enjoy absolute immunity, police officers are entitled only to qualified immunity in section 1983 cases." Elliot-Park v. Manglona, 592 F.3d 1003, 1006 (9th Cir. 2010) (citing Malley v. Briggs, 475 U.S. 335, 341-43, 106 S. Ct. 1092, 89 L. Ed. 2d 271 (1986)). Further,

> while the officers' discretion in deciding whom to arrest is certainly broad, it cannot be exercised in a racially discriminatory fashion. For example, a police officer can't investigate and arrest blacks but not whites, or Asians but not Hispanics. Police can't discriminate on the basis of the victim's race, either. We recognized as much in Estate of Macias v. Ihde, where we held that there is no right to state protection against madmen or criminals, but "[t]here is a

10

> constitutional right . . . to have police services
> administered in a nondiscriminatory manner - a
> right that is violated when a state actor denies
> such protection to disfavored persons."  219 F.3d
> 1018, 1028 (9th Cir. 2000); see also DeShaney v.
> Winnebago County Dep't of Soc. Servs., 489 U.S.
> 189, 197 n.3, 109 S. Ct. 998, 103 L. Ed. 2d 249
> (1989) ("The State may not, of course, selectively
> deny its protective services to certain disfavored
> minorities without violating the Equal Protection
> Clause.").

Id. at 1006-07.  Thus, this Court rejects the County Defendants'
general argument that all of Plaintiff's claims against them fail
because Kihara owed no duty to him to issue a criminal citation
to Kraus.  Although Kihara has broad discretion to decide who to
arrest or issue citation to, he cannot exercise that discretion
in a manner that discriminated either against Plaintiff or in
favor of Kraus based on race or another impermissible criteria.
This Court now turns to the issue of whether Plaintiff has pled
sufficient facts to state any plausible claims against the County
Defendants arising from the decision not to issue a citation to
Kraus.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To
survive a motion to dismiss, a complaint must contain sufficient
factual matter, accepted as true, to 'state a claim to relief
that is plausible on its face.'" (quoting Bell Atl. Corp. v.
Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007))).

   A.   **Count I - Fraudulent Misrepresentation**

      This Court has stated:

         Under Hawai`i law, the elements of a
         fraudulent or intentional misrepresentation claim

are: "(1) false representations made by the
defendant; (2) with knowledge of their falsity (or
without knowledge of their truth or falsity);
(3) in contemplation of plaintiff's reliance upon
them; and (4) plaintiffs detrimental reliance."
Miyashiro v. Roehrig, Roehrig, Wilson & Hara, 122
Hawai`i 461, 482-483, 228 P.3d 341, 362-63 (Ct.
App. 2010) (citing Hawaii's Thousand Friends v.
Anderson, 70 Haw. 276, 286, 768 P.2d 1293, 1301
(1989)). . . .

Du Preez v. Banis, Civil No. 14-00171 LEK-RLP, 2015 WL 415890, at

*10 (D. Hawai`i Jan. 30, 2015).  In addition, this Court must

review Count I under the following standard to determine whether

Plaintiff has sufficiently pled his fraudulent misrepresentation

claim:

[Fed. R. Civ. P.] 9(b) requires that, "[i]n
alleging fraud or mistake, a party must state with
particularity the circumstances constituting fraud
or mistake."  Pursuant to Rule 9(b), a party is
required to make particularized allegations of the
circumstances constituting fraud.  See Sanford v.
MemberWorks, Inc., 625 F.3d 550, 557-58 (9th Cir.
2010).

In their pleadings, Plaintiffs "must allege
the time, place, and content of the fraudulent
representation; conclusory allegations do not
suffice."  See Shroyer v. New Cingular Wireless
Servs., Inc., 622 F.3d 1035, 1042 (9th Cir. 2010)
(citation omitted).  "Malice, intent, knowledge,
and other conditions of a person's mind may be
alleged generally."  Fed. R. Civ. P. 9(b); see
also Odom v. Microsoft Corp., 486 F.3d 541, 554
(9th Cir. 2007) (en banc) ("[T]he state of mind —
or scienter — of the defendants may be alleged
generally." (citation omitted)); Walling v.
Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973)
(stating that Rule 9(b) "only requires the
identification of the circumstances constituting
fraud so that the defendant can prepare an
adequate answer from the allegations" (citations
omitted)).

> When there are multiple defendants,
>
> Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.  In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identif[y] the role of [each] defendant[] in the alleged fraudulent scheme.
>
> Swartz v. KPMG LLP, 476 F.3d 756, 764–65 (9th Cir. 2007) (alterations in Swartz) (internal quotation marks and citations omitted); see also Meridian Project Sys., Inc. v. Hardin Constr. Co., 404 F. Supp. 2d 1214, 1226 (E.D. Cal. 2005) ("When fraud claims involve multiple defendants, the complaint must satisfy Rule 9(b) particularity requirements for each defendant." (citations omitted)).

Barker v. Gottlieb, 23 F. Supp. 3d 1152, 1164–65 (D. Hawai`i 2014) (alterations in Barker) (some citations omitted). Plaintiff has not pled his fraud claim with sufficient particularity to meet these standards.  Plaintiff has not identified the specific fraudulent misrepresentations that his claim is based upon, nor has he identified who made them.  He apparently alleges that the fraudulent misrepresentations were made at the scene of the accident.  Thus, the Complaint does allege the time and place where the alleged misrepresentations were made.  However, as to each defendant named in the fraud claim, Plaintiff must at least identify that defendant's role in the alleged fraud.

This Court therefore CONCLUDES that Count I fails to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  This Court, however, FINDS that it is arguably possible for Plaintiff to cure the defects in Count I by amendment.  See Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty., 708 F.3d 1109, 1117-18 (9th Cir. 2013) ("As a general rule, dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment." (brackets, citation, and internal quotation marks omitted)).

**B.   Count II**

**1.   IIED**

This district court has stated:

> "[T]he tort of IIED consists of four elements: '1) that the act allegedly causing the harm was intentional or reckless, 2) that the act was outrageous, and 3) that the act caused 4) extreme emotional distress to another.'"  Young v. Allstate Ins. Co., 119 Hawai`i 403, 429 (2008) (quoting Hac v. Univ. of Hawaii, 102 Hawai`i 92, 106-07 (2003)). . . .  [T]he standard for an IIED claim is a very high one:
>
>> In explaining the type of "outrageous" conduct that makes a claim for intentional infliction of emotional distress actionable, the Restatement (Second) of Torts states:
>>
>> It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort.  Liability has been found only where the conduct has been so outrageous in

character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

Ross v. Stouffer Hotel Co. (Hawai`i) Ltd., Inc., 76 Hawai`i 454, 465 n.12, 879 P.2d 1037, 1048 n.12 (1994) (quoting Restatement (Second) of Torts § 46, cmt. d. (1965)). . . .

Toguchi v. Matayoshi, Civil No. 13-00380 DKW-KSC, 2014 WL 7420003, at *5 (D. Hawai`i Dec. 31, 2014) (some alterations in Toguchi).

This Court must liberally construe Plaintiff's Complaint because he is proceeding pro se. See, e.g., Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365, 102 S. Ct. 700, 701, 70 L. Ed. 2d 551 (1982) (per curiam))). Liberally construed, Plaintiff's Complaint alleges that Kihara intentionally decided not to issue a citation to Kraus after the accident, [Complaint at ¶ 10,] and Plaintiff suffered "emotional and psychological trauma" as a result [id. at ¶ 12]. However, although Plaintiff alleges that Defendants' conduct was "outrageous," [id.,] the factual allegations in the Complaint do not support Plaintiff's conclusory argument. See Iqbal, 556 U.S. at 678 ("Although for

15

the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." (citation and internal quotation marks omitted)). Plaintiff merely alleges that Kihara failed to issue a criminal citation to Kraus after the accident.  That fact alone is not enough to establish the type of outrageous conduct necessary to support an IIED claim.  This Court therefore CONCLUDES that Plaintiff's IIED claim fails to state a claim upon which relief can be granted.

### 2.   NIED

This Court has stated:

> The elements of a claim for NIED are:
> (1) that the defendant engaged in negligent conduct; (2) that the plaintiff suffered serious emotional distress; and (3) that such negligent conduct of the defendant was a legal cause of the serious emotional distress. Tran v. State Farm Mut. Auto. Ins. Co., 999 F. Supp. 1369, 1375 (D. Hawai`i 1998).  A cognizable claim for NIED under Hawai`i law also "requires physical injury to either a person or property," see Calleon v. Miyaqi, 76 Hawai`i 310, 320, 876 P.2d 1278 (1994), or a mental illness, see Haw. Rev. Stat. § 663-8.9.  Dowkin v. Honolulu Police Dep't, Civ. No. 10-00087 SOM-LEK, 2010 WL 4961135, at *9 (D. Hawai`i Nov. 30, 2010).  Duty and breach are essential elements of a negligence claim under Hawai`i law.  See Cho v. Hawai`i, 115 Hawai`i 373, 379 n.11, 168 P.3d 17, 23, n.11 (2007) ("It is well-established that, in order for a plaintiff to prevail on a negligence claim, the plaintiff is required to prove all four of the necessary elements of negligence: (1) duty; (2) breach of duty; (3) causation; and (4) damages." (citation omitted)).

<u>Siales v. Haw. Elec. Co.</u>, Civil No. 13-00413 LEK-KSC, 2013 WL 6210639, at *9 (D. Hawai`i Nov. 27, 2013). Liberally construed, Plaintiff's Complaint alleges that Kihara's failure to issue a citation was negligent and, as a result, Plaintiff suffered serious emotional distress. Plaintiff also alleges that Kihara had a duty to issue the citation, but Kihara breached that duty. [Complaint at ¶¶ 10-12.] Plaintiff, however, does not allege a "physical injury to either a person or property" that resulted from the failure to issue a citation. He only alleges physical injury the resulted from the accident itself. <u>See, e.g.</u>, <u>id.</u> at ¶ 9. This Court therefore CONCLUDES that Plaintiff's NIED claim fails to state a claim upon which relief can be granted.

This Court, however, finds that it is arguably possible for Plaintiff to cure the defects in both his IIED claim and his NIED claim by amendment.

### C.   **Count IIA - Interference with Chattels**

This Court has not found any case law in this district court or in the Hawai`i state courts recognizing an "interference with chattels" claim. Count IIA appears to be based on the damage that Plaintiff's vehicle sustained in the accident. Thus, this Court liberally construes Count IIA as alleging a trespass to chattels claim. <u>See</u> <u>James v. City & Cty. of Honolulu</u>, Civil No. 13-00397 JMS-BMK, 2014 WL 4181461, at *11 (D. Hawai`i Aug. 20, 2014) (discussing the plaintiff's trespass to chattels

17

claim (citing Restatement (Second) of Torts § 218)).   Section 218 states:

> One who commits a trespass to a chattel is subject to liability to the possessor of the chattel if, but only if,
>
> > (a)  he dispossesses the other of the chattel, or
> >
> > (b)  the chattel is impaired as to its condition, quality, or value, or
> >
> > (c)  the possessor is deprived of the use of the chattel for a substantial time, or
> >
> > (d)  bodily harm is caused to the possessor, or harm is caused to some person or thing in which the possessor has a legally protected interest.

Based on the allegations in the Complaint, any loss related to Plaintiff's vehicle was caused by Kraus during the accident. Plaintiff has not alleged any loss related to his vehicle that resulted from Kihara's failure to issue a citation to Kraus.

This Court therefore CONCLUDES that Count IIA fails to state a claim upon which relief can be granted.   This Court, however, FINDS that it is arguably possible for Plaintiff to cure the defects in Count IIA by amendment.

**D.   <u>Section 1983 Claims</u>**

Section 1983 states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any

18

> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the
> party injured in an action at law, suit in equity,
> or other proper proceeding for redress . . .

## 1.   Count III - § 1983 Claim for Civil Rights Torts

In Count III, Plaintiff alleges that "the traditional common law counts of torts that have been incorporated by reference are also recognizable under" § 1983. [Complaint at ¶ 20.] The title of Count III refers to "CIVIL RGIHTS [sic] TORTS." [Id. at pg. 5.] Plaintiff does not state what specific civil right tort, recognized in federal common law, he alleges in Count III. Further, depending on what common law tort Plaintiff alleges, it may not be necessary for him to bring the claim pursuant to § 1983; he may be able to assert the tort claim directly against the County Defendants.

This Court therefore CONCLUDES that Count III fails to state a claim upon which relief can be granted. It is arguably possible for Plaintiff to amend his federal civil right tort claim to cure the defects in the claim, but this Court cannot give Plaintiff any specific guidance regarding the claim because this Court cannot determine what specific tort claim Plaintiff is alleging.

## 2.   Remaining Section 1983 Claims Against the County

The United States Supreme Court has held:

> A municipality or other local government may be
> liable under this section if the governmental body
> itself "subjects" a person to a deprivation of

rights or "causes" a person "to be subjected" to
such deprivation.  See Monell v. New York City
Dept. of Social Servs., 436 U.S. 658, 692, 98 S.
Ct. 2018, 56 L. Ed. 2d 611 (1978).  But, under
§ 1983, local governments are responsible only for
"their own illegal acts." Pembaur v. Cincinnati,
475 U.S. 469, 479, 106 S. Ct. 1292, 89 L. Ed. 2d
452 (1986) (citing Monell, 436 U.S., at 665–683,
98 S. Ct. 2018).  They are not vicariously liable
under § 1983 for their employees' actions.  See
id., at 691, 98 S. Ct. 2018; [City of] Canton [v.
Harris], 489 U.S. [378,] 392, 109 S. Ct. 1197
[(1989)]; Board of Comm'rs of Bryan Cty. v. Brown,
520 U.S. 397, 403, 117 S. Ct. 1382, 137 L. Ed. 2d
626 (1997) (collecting cases).

Plaintiffs who seek to impose liability on
local governments under § 1983 must prove that
"action pursuant to official municipal policy"
caused their injury.  Monell, 436 U.S., at 691, 98
S. Ct. 2018; see id., at 694, 98 S. Ct. 2018.
Official municipal policy includes the decisions
of a government's lawmakers, the acts of its
policymaking officials, and practices so
persistent and widespread as to practically have
the force of law.  See ibid.; Pembaur, supra, at
480–481, 106 S. Ct. 1292; Adickes v. S.H. Kress &
Co., 398 U.S. 144, 167–168, 90 S. Ct. 1598, 26 L.
Ed. 2d 142 (1970).  These are "action[s] for which
the municipality is actually responsible."
Pembaur, supra, at 479–480, 106 S. Ct. 1292.

Connick v. Thompson, 563 U.S. 51, 60-61 (2011) (some alterations

in Connick).

Plaintiff's Complaint does not allege that Kihara's

decision not to issue a citation to Kraus was based on an

official County policy.  This Court CONCLUDES that Plaintiff's

remaining § 1983 claims – Counts IV and V – fail to state a

plausible claim for relief against the County because the County

cannot be held liable for Kihara's actions and omissions based on

a *respondeat superior* theory.  This Court, however, FINDS that it is arguably possible for Plaintiff to amend his Complaint to cure the defects in his claims against the County in Counts IV and V.

### 3.   Remaining Section 1983 Claims Against Kihara

Count IV alleges a § 1983 claim for violation of Plaintiff's Fourteenth Amendment right to due process.  It alleges that Defendants' actions were intended "to intimidate and prevent the Plaintiff from exercising of liberty and property." [Complaint at ¶ 22.]  This district court has stated that: "The right to procedural due process under the Fourteenth Amendment protects individuals from being deprived of either liberty or property without adequate notice and hearing." Lee v. Haw. Pac. Univ., Civil No. 12-00604 BMK, 2014 WL 794661, at *5 (D. Hawai`i Feb. 26, 2014) (citing Board of Regents of State Colleges v. Roth, 408 U.S. 564, 571–72 (1972)).  There are no factual allegations in the Complaint that support Plaintiff's conclusory statement that Kihara's decision not to issue a citation to Kraus deprived Plaintiff of his liberty or property.  This Court therefore CONCLUDES that Count IV fails to state a plausible § 1983 claim against Kihara for the violation of Plaintiff's right to due process.

Count V alleges a § 1983 claim for violation of Plaintiff's Fourth Amendment right to be free from the use of excessive and unreasonable force.  It alleges that "[t]he

Defendants used excessive and unreasonable force to deprive the Plaintiff from the rights alleged before, therefore violating those protections guaranteed to all American citizens under the fourth amendment [sic]." [Complaint at ¶ 24.] "The Fourth Amendment, which protects against excessive force in the course of a seizure, requires that courts examine the objective reasonableness of a particular use of force to determine whether it was indeed excessive." Michino v. Lewis, Civ. No. 13-00546 ACK-BMK, 2015 WL 3752503, at *7 (D. Hawai`i June 16, 2015) (some citations omitted) (citing Graham v. Connor, 490 U.S. 386, 394-95, 398 (1989)). There are no factual allegations in the Complaint that support Plaintiff's conclusory statement that Kihara used any force against Plaintiff – let alone excessive and unreasonable force – when Kihara decided not to issue a citation to Kraus. This Court therefore CONCLUDES that Count V fails to state a plausible § 1983 claim for the use of excessive and unreasonable force.

### 4. Qualified Immunity

Kihara also argues that he is entitled to qualified immunity from Plaintiff's § 1983 claims. It is not necessary for this Court to discuss the qualified immunity issue as to the claims against Kihara in the Complaint because this Court has already dismissed the claims against him for lack of service, and it has ruled that the § 1983 claims against him do not state a

claim upon which relief can be granted.  Thus, the only issue

that qualified immunity may be relevant to is the issue of

whether Plaintiff should be allowed to amend his claims against

Kihara.

This district court has stated:

> Qualified immunity protects an official who "reasonably but mistakenly believed that his or her conduct did not violate a clearly established constitutional right." <u>Hunt v. Cnty. of Orange</u>, 672 F.3d 606, 615–16 (9th Cir. 2012).  Assessing whether an official is entitled to immunity is a two prong inquiry.  Under the first prong the Court asks whether the officer's conduct violated a constitutional right.  <u>Saucier [v. Katz]</u>, 533 U.S. [194,] 201, 121 S. Ct. 2151 [(2001)].  Under the second prong, the Court examines whether the right was clearly established.  <u>Id.</u>  The Court may examine either prong first, and may grant qualified immunity on the ground that a purported right was not "clearly established" without resolving the question of whether the right exists at all.  <u>Reichle v. Howards</u>, --- U.S. ----, 132 S. Ct. 2088, 2093, 182 L. Ed. 2d 985 (2012).

> To be "clearly established, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." <u>Anderson v. Creighton</u>, 483 U.S. 635, 639, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987) (internal quotation marks omitted).[6]  In other words, "existing precedent must have placed the statutory or constitutional question beyond debate." <u>Ashcroft v. al-Kidd</u>, 563

---

[6] In <u>Ashcroft v. al-Kidd</u>, the United States Supreme Court described this standard as "**every** 'reasonable official would have understood that what he is doing violates that right.'" 131 S. Ct. 2074, 2083 (2011) (emphasis added) (quoting <u>Anderson v. Creighton</u>, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987)).

> U.S. 731, 131 S. Ct. 2074, 2083, 179 L. Ed. 2d
> 1149 (2011). "The relevant, dispositive inquiry
> in determining whether a right is clearly
> established is whether it would be clear to a
> reasonable officer that his conduct was unlawful
> in the situation he confronted." Id. at 202, 121
> S. Ct. 2151. "Whether the law was clearly
> established is an objective standard; the
> defendant's subjective understanding of the
> constitutionality of his or her conduct is
> irrelevant." Karl v. City of Mountlake Terrace,
> 678 F.3d 1062, 1073 (9th Cir. 2012) (quoting
> Clairmont v. Sound Mental Health, 632 F.3d 1091,
> 1100 (9th Cir. 2011)). Thus an officer whose
> actions in fact violate clearly established law
> may nonetheless be entitled to qualified immunity
> if those actions are reasonable in light of the
> information the officer had at the time of the
> arrest. Mendocino Env. Center v. Mendocino Cnty.,
> 14 F.3d 457, 463 (9th Cir. 1994). Indeed, it is
> oft stated that qualified immunity protects "all
> but the plainly incompetent or those who knowingly
> violate the law." Hunter v. Bryant, 502 U.S. 224,
> 229, 112 S. Ct. 534, 116 L. Ed. 2d 589 (1991).

Goodhue v. Cty. of Maui, 98 F. Supp. 3d 1133, 1145-46 (D. Hawai`i

2015). The two-prong qualified immunity inquiry is specific to

the facts of the case, and therefore this Court cannot conduct

the inquiry until after Plaintiff amends his § 1983 claims

against Kihara and clarifies the basis for those claims. See

Perez v. United States, 103 F. Supp. 3d 1180, 1200 (S.D. Cal.

2015) ("Where government officials are sued in their individual

capacities for civil damages, a court must 'begin by taking note

of the elements a plaintiff must plead to state a claim . . .

against officials entitled to assert the defense of qualified

immunity.'" (alteration in Perez) (quoting Iqbal, 556 U.S. at

675, 129 S. Ct. 1937)). This Court therefore FINDS that it is

24

arguably possible for Plaintiff to amend his Complaint to cure
the defects in his claims against Kihara in Counts IV and V.

### E.  **Claims for Punitive Damages, Fees and Costs**

Count VI seeks an award of fees and costs associated
with Plaintiff's § 1983 claims, pursuant to 42 U.S.C. § 1988.
[Complaint at ¶ 26.]  Count VII seeks punitive damages.  [Id. at
¶ 28.]

Under both federal law and Hawai`i law, punitive
damages are a remedy, not an independent cause of action.  See,
e.g., Cortez v. Skol, 776 F.3d 1046, 1050 n.2 (9th Cir. 2015);
Ross v. Stouffer Hotel Co. (Hawai`i) Ltd., 76 Hawai`i 454, 466,
879 P.2d 1037, 1049 (1994).  The same is true for an award of
fees and costs.  Thus, it was not necessary for Plaintiff to
include either his request for punitive damages or his request
for fees and costs among the counts of his Complaint.  The fact
that he included them in his prayer for relief was sufficient.
Although Kraus does not have a motion to dismiss pending before
this Court, the same analysis applies to Plaintiff's claim for
punitive damages and his claim for fees and costs against Kraus.
This Court therefore DISMISSES Counts VI and VII against all
Defendants.

However, this district court has noted that,
"[m]unicipal defendants are generally immune from liability for
punitive damages."  Souza v. Silva, Civil No. 12-00462 HG-BMK,

25

2014 WL 2452579, at *16 (D. Hawai`i May 30, 2014) (citing <u>City of Newport v. Fact Concerts, Inc.</u>, 453 U.S. 247, 271, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981) (finding a municipality defendant is not liable for punitive damages for causes of action brought pursuant to 42 U.S.C. § 1983)).  In addition, "the Hawaii Supreme Court has found that punitive damages are not available against the City and County of Honolulu pursuant to Hawaii state law." <u>Id.</u> (citing <u>Lauer v. Y.M.C.A.</u>, 57 Haw. 390, 557 P.2d 1334, 1341–42 (Haw. 1976)).  This Court therefore CONCLUDES that Plaintiff cannot recover punitive damages against the County in the instant case.  The dismissal of Count VII against the County is WITH PREJUDICE; in other words, Plaintiff cannot include a request for punitive damages against the County in his amended complaint.

The dismissal of Count VII against Kihara and Kraus is WITHOUT PREJUDICE; Plaintiff can include a request for punitive damages against Kihara and Kraus in the amended complaint. Similarly, the dismissal of Count VI against all Defendants is WITHOUT PREJUDICE.  Plaintiff can include a request for fees and costs against all Defendants in the amended complaint.

## III. <u>Summary and Leave to Amend</u>

The County Motion is GRANTED insofar as: all of Plaintiff's claims against the County are HEREBY DISMISSED; and the dismissal of Count VII is WITH PREJUDICE against the County.

The County Motion is DENIED insofar as: the dismissal of the claims against the County in Counts I, II, III, IV, and V is WITHOUT PREJUDICE; and the dismissal the claim for fees and costs against the County in Count VI is WITHOUT PREJUDICE.

The Kihara Motion is GRANTED insofar as: the Complaint is HEREBY DISMISSED for lack of proper service on Kihara; and the Court CONCLUDES that all of the claims against Kihara in the Complaint fail to state a claim upon which relief can be granted. The Kihara Motion is DENIED insofar as the dismissal of the claims against Kihara in Counts I through V is WITHOUT PREJUDICE; and the dismissal of the claims against Kihara in Counts VI and VII is WITHOUT PREJUDICE.

This Court also DISMISSES Counts VI and VII against Kraus.  The dismissal is WITHOUT PREJUDICE, insofar as Plaintiff may include a request for fees and costs and a request for punitive damages against Kraus within the prayer for relief in his amended complaint.  This Court emphasizes that this Order makes no findings or conclusions regarding the merits of Plaintiff's other claims against Kraus.

This Court ORDERS Plaintiff to file his amended complaint by **March 2, 2016**.  This Court CAUTIONS Plaintiff that, if he fails to file his amended complaint by **March 2, 2016**, all of the claims that this Court dismissed without prejudice in this Order will be dismissed with prejudice, and this Court will order

the Clerk's Office to terminate the County and Kihara as parties. In other words, Plaintiff would have no remaining claims against the County and Kihara, and only his claims in the Complaint against Kraus would remain.

<u>CONCLUSION</u>

On the basis of the foregoing, the Motion to Dismiss Complaint Filed July 21, 2015, which the County filed on October 5, 2015, is HEREBY GRANTED IN PART AND DENIED IN PART, and the Motion to Dismiss Complaint Filed July 21, 2015, which Kihara filed October 30, 2015, is HEREBY GRANTED IN PART AND DENIED IN PART.  Plaintiff must file his amended complaint, consistent with the terms of this Order, by no later than **March 2, 2016.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 29, 2016.



      /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**CHRISTOPHER YOUNG VS. MICHAEL M. KRAUS, ET AL; CIVIL 15-00383 LEK-KSC; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS THE COUNTY OF HAWAI`I AND THE COUNTY OF HAWAI`I POLICE DEPARTMENT'S MOTION TO DISMISS; AND GRANTING IN PART AND DENYING IN PART DEFENDANT PATRICK T. KIHARA'S MOTION TO DISMISS**