IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTOPHER YOUNG,<br><br>       Plaintiff,<br><br>   vs.<br><br>MICHAEL M. KRAUS, Owner of<br>Tree Works Inc., COUNTY OF<br>HAWAII, POLICE DEPARTMENT,<br>PATRICK T. KIHARA as a Police<br>Officer in the County of<br>Hawaii, State of Hawaii, JOHN<br>DOES 1-10, JANE DOES 1-10,<br>DOE CORPORATIONS 1-10, DOE<br>PARTNERSHIPS 1-10, AND DOE<br>GOVERNMENT ENTITIES 1-10,<br><br>       Defendants.<br>_____ | CIVIL 15-00383 LEK-KSC |

**ORDER DENYING "VERIFICATION OF PLAINTIFF'S OBJECTION TO JUDGES FAILIAR TO ADDRESS THE RULE 4 VIOLATIONS OF THE DEFENDANTS COUNTY'S COUNSEL IN THE REMOVAL ON 9/28/2015"**

On January 29, 2016, this Court issued its Order Granting in Part and Denying in Part Defendants the County of Hawai`i and the County of Hawai`i Police Department's Motion to Dismiss; and Granting in Part and Denying in Part Defendant Patrick T. Kihara's Motion to Dismiss ("1/29/16 Order"). [Dkt. no. 32.] On March 4, 2016, pro se Plaintiff Christopher Young ("Plaintiff") filed a document titled "Verification of Plaintiff's Objection to Judges Failiar to Address the Rule 4 Violations of the Defendants County's Counsel in the Removal on 9/28/2015" ("3/4/16 Filing"). [Dkt. no. 34.] On March 8, 2016, this Court issued an entering order construing the 3/4/16 Filing

as a Motion for Remand and a motion for reconsideration of the 1/29/16 Order ("Motion for Reconsideration").  [Dkt. no. 36.]

On March 23, 2016, Defendants the County of Hawai`i ("the County"), the County of Hawai`i Police Department ("the Police Department"), and Patrick T. Kihara ("Kihara", all collectively, "the County Defendants") filed their memorandum in opposition to the Motion for Remand/Motion for Reconsideration. [Dkt. no. 42.]  Plaintiff filed his reply on April 11, 2016. [Dkt. no. 43.]  The Court has considered the instant motions as non-hearing matters pursuant to Rule LR7.2(d) and (e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the motions, supporting and opposing memoranda, and the relevant legal authority, Plaintiff's Motion for Remand and Motion for Reconsideration are HEREBY DENIED for the reasons set forth below.

### BACKGROUND

Plaintiff filed his Complaint on July 21, 2015 in state court.  The Police Department removed the case to this district court pursuant to federal question jurisdiction.  [Notice of Removal, filed 9/28/15 (dkt. no. 1), at ¶ 4.]  The case arises from a motor vehicle accident that occurred in Hilo, Hawai`i on July 25, 2013.  Plaintiff and Defendant Michael M. Kraus ("Kraus") were the drivers of the vehicles involved in the

accident, and Kihara, an officer with the Police Department, responded to the scene.  Plaintiff alleges, among other things, that Kihara failed to issue a criminal citation to Kraus, and Kihara failed to include information in his report about the injury that Plaintiff suffered during the accident.

The County and the Police Department (collectively "County Entities") filed a motion to dismiss the Complaint ("County Motion to Dismiss") on October 7, 2015, and Kihara filed a motion to dismiss the Complaint ("Kihara Motion to Dismiss") on October 30, 2015.  [Dkt. nos. 5, 10.]  In the 1/29/16 Order, this Court granted both motions in part and denied them in part.  Specifically, this Court:

-dismissed Plaintiff's claims against Kihara for lack of proper service; [1/29/16 Order at 6-8;]

-rejected the County Entities' argument that all of Plaintiff's claims against them fail because Kihara owed no duty to Plaintiff to issue a criminal citation to Kraus; [id. at 11;]

-dismissed Count I – fraudulent misrepresentation – because the claim was not sufficiently pled; [id. at 11-14;]

-dismissed the intentional infliction of emotional distress claim and the negligent infliction of emotional distress claim in Count II because those claims were not sufficiently pled; [id. at 14-17;]

-dismissed Plaintiff's interference with chattels claim against the County Entities ("Count IIA") because, based on the allegations of the Complaint, Plaintiff's property losses were caused by Kraus during the accident; [id. at 17-18;]

-dismissed Plaintiff's 42 U.S.C. § 1983 claim for civil rights torts in Count III because it was unclear what specific civil right tort Plaintiff was alleging; [id. at 19;]

3

-dismissed Plaintiff's § 1983 claims against the County Entities in Counts IV and V because the Complaint did not allege a basis for imposing liability against them for Kihara's alleged actions and omissions; [id. at 19-21;]

-dismissed Plaintiff's § 1983 claims against Kihara in Counts IV and V because they were insufficiently pled; [id. at 21-22;]

-dismissed Plaintiff's claim for punitive damages against the County Entities in Count VII because municipal defendants cannot be held liable for punitive damages; [id. at 25-26;] and

-dismissed Plaintiff's claim for punitive damages against Kihara and Kraus in Count VII and his claim for fees and costs against all Defendants in Count VI because those are remedies, not independent causes of action [id.].

Except for the dismissal of the punitive damages claim against the County, which was dismissed with prejudice, all of the dismissals were without prejudice.[1]  This Court gave Plaintiff until March 2, 2016 to file his amended complaint.[2]  [Id. at 26-27.]

In the Motion to Remand, Plaintiff states that, when his process server served the Complaint on a county attorney, the

---

[1] The dismissal of the punitive damages claim against Kihara and Kraus, and the claim for fees and costs against all Defendants, was without prejudice to the extent that this Court stated that Plaintiff could include a **request** for punitive damages against Kihara and Kraus and a **request** for fees and costs against all Defendants in the amended complaint.  [1/29/16 Order at 26.]

[2] On March 4, 2016, simultaneously with the Motion to Remand/Motion for Reconsideration, Plaintiff filed his "Amendment of Complaint."  [Dkt. no. 35.]  The County Defendants filed a motion to dismiss the amended complaint on March 14, 2016 ("3/14/16 Motion to Dismiss"), but this Court has concluded that the 3/14/15 Motion to Dismiss is premature until it rules on the Motion for Reconsideration.  [Dkt. nos. 38, 41.]

attorney only accepted service on behalf of the Police Department and refused service on behalf of the County and Kihara. Plaintiff contends that he was therefore entitled to default in the state court against the County and Kihara, and therefore the removal was not proper. In the alternative, Plaintiff argues that this Court should remand the case because the Police Department did not obtain the County's or Kihara's consent to the removal. In the Motion for Reconsideration, Plaintiff argues that this Court should vacate the 1/29/16 Order because the County Motion to Dismiss and the Kihara Motion to Dismiss are moot in light of the remand to the state court. See Reply at 2.

**DISCUSSION**

I. **Motion to Remand**

The Police Department removed this case pursuant to 28 U.S.C. § 1441(a), which states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1447(c) states, in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

> remanded. . . .

However, a plaintiff waives his right to object to non-jurisdictional removal defects if he fails to file a timely motion to remand. Vasquez v. N. Cty. Transit Dist., 292 F.3d 1049, 1062 (9th Cir. 2002).

First, as to Plaintiff's argument that the removal was improper because the County and Kihara were in default in the state court, Plaintiff is mistaken. This Court has reviewed the state court's docket sheet, and Plaintiff did not obtain an entry of default against either the County or Kihara prior to the filing of the Notice of Removal. This Court therefore does not need to address Plaintiff's argument about how an entry of default or a default judgment affects a notice of removal.

Plaintiff also argues that the removal was improper because there is no evidence that the County and Kihara consented to removal. See Reply at 2. 28 U.S.C. § 1446(b)(2)(A) requires that, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." However, the failure to obtain all defendants' joinder or consent is a procedural defect that is waived if the plaintiff fails to file a timely motion for remand. See Vasquez, 292 F.3d at 1060 n.5 ("Even though some Defendants failed to join the notice of removal in this case, no party made a timely motion to remand,

thus waiving any potential defect." (citing 28 U.S.C. § 1447(c) (providing that defects in removal procedure are waived if no motion to remand is made within 30 days))).

Plaintiff did not file the Motion to Remand until March 4, 2016, well beyond the thirty-day period after the filing of the Notice of Removal on September 28, 2015. This Court therefore CONCLUDES that Plaintiff waived any objection to the Police Department's alleged failure to obtain the County's and Kihara's consent to removal. In light of Plaintiff's waiver, this Court does not need to address either Plaintiff's factual arguments about his attempt to serve the County and Kihara or the issue of whether the Police Department was required to obtain the County's and Kihara's consent prior to removal.

This Court therefore DENIES the Motion to Remand.

## II. Motion for Reconsideration

To the extent that Plaintiff seeks reconsideration of the 1/29/16 Order on the ground that a remand would have rendered the order, the County Motion to Dismiss, and the Kihara Motion to Dismiss moot, the Motion for Reconsideration is DENIED. In addition, this Court notes that:

> This district court recognizes three circumstances where it is proper to grant reconsideration of an order: "(1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice." Tierney v. Alo, Civ. No. 12-00059 SOM/KSC, 2013 WL 1858585, at *1 (D. Hawaii May 1, 2013) (citing

7

>School District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993)).

Riley v. Nat'l Ass'n of Marine Surveyors, Inc., Civil No. 14-00135 LEK-RLP, 2014 WL 4794003, at *1 (D. Hawai`i Sept. 25, 2014).  To the extent that Plaintiff's Motion for Reconsideration raises any challenges to the 1/29/16 Order other than his argument for reconsideration based upon the requested remand to state court, this Court CONCLUDES that Plaintiff has not established any ground that warrants reconsideration of the 1/29/16 Order.  Plaintiff has not established that there has been a change in the controlling law since this Court issued the 1/29/16 Order, nor has he identified any newly discovered evidence that would require this Court to change its rulings in the order.  Finally, Plaintiff has not established that this Court committed a clear error in the 1/29/16 Order or that reconsideration of the order is necessary to prevent manifest injustice.  Plaintiff's Motion for Reconsideration is therefore DENIED in its entirety.

## CONCLUSION

On the basis of the foregoing, the March 4, 2016 "Verification of Plaintiff's Objection to Judges Failiar to Address the Rule 4 Violations of the Defendants County's Counsel in the Removal on 9/28/2015" – which this Court has construed as a Motion for Remand and a Motion for Reconsideration of the 1/29/16 Order – is HEREBY DENIED.

In light of the denial of the Motion for Reconsideration, this Court ORDERS Plaintiff to respond to the 3/14/16 Motion to Dismiss by **May 16, 2016**. Any other party that wishes to file a statement regarding the 3/14/16 Motion to Dismiss must do so by **May 16, 2016**. The County Defendants' optional reply is due by **May 23, 2016**. This Court will take the 3/14/16 Motion to Dismiss under advisement thereafter and will consider it as a non-hearing motion pursuant to Local Rule 7.2(d).

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 19, 2016.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**CHRISTOPHER YOUNG VS. MICHAEL KRAUS, ET AL; CIVIL 15-00383 LEK-KSC; ORDER DENYING "VERIFICATION OF PLAINTIFF'S OBJECTION TO JUDGES FAILIAR TO ADDRESS THE RULE 4 VIOLATIONS OF THE DEFENDANTS COUNTY'S COUNSEL IN THE REMOVAL ON 9/28/2015**