IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTOPHER YOUNG, ) | CIVIL 15-00383 LEK-KSC |
| ) | |
|     Plaintiff, ) | |
| ) | |
|   vs. ) | |
| ) | |
| MICHAEL M. KRAUS, Owner of ) | |
| Tree Works Inc., COUNTY OF ) | |
| HAWAII, POLICE DEPARTMENT, ) | |
| PATRICK T. KIHARA as a Police ) | |
| Officer in the County of ) | |
| Hawaii, State of Hawaii, JOHN ) | |
| DOES 1-10, JANE DOES 1-10, ) | |
| DOE CORPORATIONS 1-10, DOE ) | |
| PARTNERSHIPS 1-10, AND DOE ) | |
| GOVERNMENT ENTITIES 1-10, ) | |
| ) | |
|     Defendants. ) | |
| _____ ) | |

**ORDER GRANTING IN PART AND DENYING IN PART
THE COUNTY DEFENDANTS' MOTION TO DISMISS CHRISTOPHER YOUNG
AMENDMENT (SIC) OF COMPLAINT FILED MARCH 4, 2016 [DOCUMENT 35]**

      Pro se Plaintiff Christopher Young ("Plaintiff") filed his "Amendment of Complaint" ("Amended Complaint") on March 4, 2016.  [Dkt. no. 35.]  Defendants the County of Hawai`i, the County of Hawai`i Police Department (collectively, "the County"), and Patrick T. Kihara ("Kihara", all collectively, "the County Defendants") filed a motion to dismiss the Amended Complaint ("Motion") on March 14, 2016.  [Dkt. no. 38.]  Plaintiff did not file a timely memorandum in opposition to the Motion.  On July 6, 2016, this Court issued an entering order finding the Motion suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States

District Court for the District of Hawai`i ("Local Rules"). [Dkt. no. 64.]

On August 24, 2016, this Court issued an entering order ("8/24/16 EO") directing the County Defendants to file a supplemental memorandum addressing Plaintiff's fraudulent misrepresentation claim. [Dkt. no. 72.] The County Defendants filed their supplemental memorandum ("County Supplement") on September 14, 2016. [Dkt. no. 79.] Plaintiff filed a response to the County Supplement on October 26, 2016 ("Plaintiff Supplement"), and the County Defendants filed a supplemental reply memorandum ("County Supplemental Reply") on October 27, 2016. [Dkt. nos. 93, 94.] After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, the County Defendants' Motion is HEREBY GRANTED IN PART AND DENIED IN PART. The Motion is DENIED as to the request to dismiss the Amended Complaint as untimely and GRANTED as to the request to dismiss the claims against the County Defendants for failure to state a claim. Plaintiff's claims against the County Defendants are HEREBY DISMISSED WITH PREJUDICE because Plaintiff failed to cure the defects in his claims that this Court identified in its prior order.

**BACKGROUND**

The instant case arises from a motor vehicle accident involving Plaintiff and Defendant Michael M. Kraus ("Kraus").[1] Plaintiff filed his original Complaint in state court. [Notice of Removal, filed 9/28/15 (dkt. no. 1), Decl. of Laureen L. Martin ("Martin Removal Decl."), Exh. A (Complaint).] It alleged the following claims: fraudulent misrepresentation ("Count I"); intentional infliction of emotional distress ("IIED") and/or negligent infliction of emotional distress ("NIED" and "Count II"); interference with chattels ("Count IIA");[2] a 42 U.S.C. § 1983 claim for civil rights torts under federal common law ("Count III"); a § 1983 claim for violation of his Fourteenth Amendment right to due process ("Count IV"); a § 1983 claim for violation of his Fourth Amendment right to be free from the use of excessive and unreasonable force ("Count V"); a claim for fees and costs ("Count VI"); and a claim for punitive damages ("Count VII").

---

[1] Plaintiff is suing Kraus in his individual capacity and in his capacity as an employee of Defendant Tree Works. [Amended Complaint at ¶ 2.] The Court will refer to Kraus and the County Defendants collectively as "Defendants."

[2] Plaintiff apparently misnumbered the counts in the original Complaint. Both his IIED/NIED claim and his interference with chattels claim are designated as Count II. For the sake of clarity, this Court has referred to the interference with chattels claim as "Count IIA".

In an order issued on January 29, 2016, this Court 1) dismissed Count VII against the County with prejudice and dismissed all other claims against the County without prejudice; 2) dismissed the claims against Kihara without prejudice; 3) dismissed Counts VI and VII against Kraus without prejudice;[3] and 4) made no findings or conclusions regarding the merits of Plaintiff's other claims against Kraus. [1/29/16 Order at 26-27.] The 1/29/16 Order directed Plaintiff to file his amended complaint by March 2, 2016, and cautioned him that all of the claims that this Court dismissed without prejudice would be dismissed with prejudice if he failed to file his amended complaint by that date. [Id. at 27-28.] Plaintiff filed the Amended Complaint on March 4, 2016.[4]

According to the Amended Complaint, Kraus was at fault, and Plaintiff and the other person in the car – John Hoffman ("Hoffman") – were injured in the accident. Plaintiff called 911

---

[3] The dismissal of Count VI against all Defendants and the dismissal of Count VII against Kihara and Kraus without prejudice was based on the fact that a request for punitive damages and a request for fees and costs are remedies, not independent causes of action. Thus, the 1/29/16 Order prohibited Plaintiff from including separate claims for punitive damages and for fees and costs in the Amended Complaint, but allowed him to include the requests in his prayer for relief. [1/29/16 Order at 25-26.]

[4] Also on March 4, 2016, Plaintiff filed a document that this Court construed as a motion for reconsideration of the 1/29/16 Order. [Dkt. nos. 34 (motion for reconsideration), 36 (order construing motion).] On April 19, 2016, this Court issued an order denying the motion for reconsideration. [Dkt. no. 46.]

for police assistance and an ambulance, but Kraus left the scene. Kihara and an ambulance arrived approximately one hour after the accident. [Amended Complaint at ¶¶ 6-11.] Plaintiff alleges that Kihara acknowledged that Kraus operated his vehicle in a negligent manner. Plaintiff argues that, because Plaintiff's negligence and violation of Hawai`i statutes caused an accident that resulted in injuries or damages, it was mandatory that Kihara arrest Kraus or issue a criminal citation. [Id. at ¶¶ 12-13.] Plaintiff alleges that Kihara's failure to cite or arrest Kraus "violate[d] his Oath and duties (denied Plaintiff services) to government operation." [Id. at ¶ 14.] Plaintiff alleges that the County also knew that Kraus was negligent and had violated Hawai`i law, and Plaintiff apparently contends that the County is also responsible for the failure to arrest or cite Kraus after the accident. [Id. at ¶ 13.]

In addition to the allegations about the failure to cite or arrest Kraus, Plaintiff alleges that, at the scene of the accident, Kihara called the paramedic away while the paramedic was asking Plaintiff and Hoffman what happened. According to Plaintiff, Kihara told the paramedic that all parties in the accident refused medical attention. After Kihara spoke with the paramedic, Kihara gave Plaintiff the police report number and left the scene. After Kihara left, Plaintiff and Hoffman were taken to Hilo Medical Center to be examined by a doctor. [Id. at

¶ 11.]   Plaintiff alleges that Defendants' actions

>     denied Plaintiff medical service and prevent[ed]
>     Plaintiff from protesting the actions of all
>     Defendants[ and made it] intimidating to prevent
>     Plaintiff from exercising the Hawaii and United
>     States Constitution Rights of freedom of speech,
>     protest, association, and the basic right to
>     pursue the interest, to prevent the free exercise
>     of his rights.

[Id. at ¶ 17.]

The first six counts of the Amended Complaint allege the same claims as Plaintiff alleged in Counts I, II,[5] IIA, III, IV and V of the original Complaint ("Amended Counts I through V").  The Amended Complaint also alleges a separate count for punitive damages and attorneys' fees and costs ("Amended Count VI").

In the instant Motion, the County Defendants argue that this Court should dismiss the Amended Complaint because Plaintiff filed it after the deadline in the 1/29/16 Order.  If this Court does not dismiss the Amended Complaint as untimely, the County Defendants urge this Court to dismiss the claims against them in the Amended Complaint because they have the same deficiencies as the claims in the original Complaint.

---

[5] Amended Count II alleges the same IIED claim as Count II of the original Complaint, but Amended Count II does not include an NIED claim.  [Amended Complaint at pg. 5.]

6

**DISCUSSION**

**I. Timeliness of the Amended Complaint**

The County Defendants correctly point out that Plaintiff failed to file the Amended Complaint by the March 2, 2016 deadline given in the 1/29/16 Order. See 1/29/16 Order at 27-28. They ask this Court to dismiss Plaintiff's case pursuant to Fed. R. Civ. P. 41(b) because of Plaintiff's failure to comply with the 1/29/16 Order. [Mem. in Supp. of Motion at 4-5.] However, the Ninth Circuit has

> identified five factors that a district court must consider before dismissing a case . . . : (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011) (citations and quotation marks omitted).

This Court finds that none of the factors weigh strongly in favor of dismissal. The dismissal of a pleading that a pro se plaintiff filed two days after a court-imposed deadline would have a minimal effect on the public interest and the court's interest in managing its docket. Further, this Court finds that the filing of the Amended Complaint two days after the deadline did not prejudice Defendants. Moreover, the fourth and fifth factors weigh strongly against dismissal. This Court therefore CONCLUDES that dismissal of this case based on

Plaintiff's failure to comply with the filing deadline in the 1/29/16 Order is not warranted, and this Court DENIES the County Defendants' Motion as to the request to dismiss the Amended Complaint as untimely.

This Court, however, notes that it has repeatedly cautioned Plaintiff that he must comply with the applicable deadlines, even though he is proceeding pro se. For example, on May 19, 2016, this Court issued the EO: Court Order Granting Plaintiff's "Requests for Extension on the Order Entered 4/19/2016" ("5/19/16 EO"), which stated, in relevant part:

> The Court notes that this is not the first time that Plaintiff has waited until after the expiration of a filing deadline to request an extension. See EO: Court Order Granting Plaintiff's Request for Extension, filed 12/8/15 (dkt. no. 17) ("12/8/15 EO"). In the 12/8/15 EO, this Court granted Plaintiff's request for an extension, but stated:
>
>> This Court REMINDS Plaintiff that his pro se status does not excuse him from following the applicable court rules and deadlines. See Briones v. Riviera Hotel & Casino, 116 F.3d 379, 382 (9th Cir. 1997) (per curiam) (stating that "*pro se* litigants are not excused from following court rules"). In the future, if Plaintiff requires an extension of a court deadline, he must either enter into a stipulation – *i.e.* a written agreement – with the attorneys for all of the defendants or file a motion for an extension. Plaintiff must submit the stipulation or file the motion **before** the original deadline. See Local Rule LR6.2 (regarding "Extensions, Enlargements, or Shortening of Time, and Other *Ex Parte* Requests").
>
> [12/8/15 EO at 1-2 (emphasis in original).]

[Dkt. no. 55 at 1-2.]  This Court therefore CAUTIONS Plaintiff that, in light of the warnings that it has given him in the past, **this Court will strike any document submitted after the applicable deadlines**.  Further, as stated in the 5/19/16 EO, **any future request or motion for an extension that Plaintiff submits after the original deadline will be denied**.

This Court now turns to the Motion's arguments that it should dismiss the Amended Complaint on the merits.

## II. Defects Identified in the 1/29/16 Order

The County Defendants' Motion summarily argues that this Court should dismiss Plaintiffs' claims against them without leave to amend because Plaintiff failed to cure the defects identified in the 1/29/16 Order.

### A. Fraudulent Misrepresentation

In the 1/29/16 Order, this Court concluded that Plaintiff failed to plead his claim with sufficient particularity to satisfy the heightened pleading standard for fraud-based claims because he failed to identify the specific fraudulent misrepresentations that his claim was based upon and because he failed to identify who made them.  See 1/29/16 Order at 11-13 (describing the elements of, and the standards applicable to, a fraud-based claim).

Reading the Amended Complaint liberally,[6] Plaintiff alleges that, at the scene of the accident, after he called 911 for police assistance and an ambulance, Kihara falsely told the paramedic that all parties who had been involved in the accident refused medical attention. [Amended Complaint at ¶¶ 10-11.] Thus, as to Kihara, the Amended Complaint pleads the time, place, and content of the allegedly fraudulent statement. See Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1042 (9th Cir. 2010). Insofar as the Amended Complaint alleges that Plaintiff was in pain and called 911 for an ambulance, and that Plaintiff and Hoffman "were in obvious pain," the Amended Complaint, liberally construed, also alleges that Kihara knew the statement was false. However, a fraudulent misrepresentation claim also requires that the defendant contemplated the plaintiff's reliance on the statement and that the plaintiff detrimentally relied on the statement. See Miyashiro v. Roehrig, Roehrig, Wilson & Hara, 122 Hawai`i 461, 482–483, 228 P.3d 341, 362–63 (Ct. App. 2010). The Amended Complaint does not allege that Plaintiff relied on Kihara's statement or that Kihara contemplated Plaintiff's reliance. Arguably, Kihara contemplated

---

[6] This Court must liberally construe Plaintiff's pleadings because he is proceeding pro se. See, e.g., Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365, 102 S. Ct. 700, 701, 70 L. Ed. 2d 551 (1982) (per curiam))).

10

that the paramedic he made the statement to would rely on the statement. Even assuming that this is sufficient to satisfy the contemplation of reliance element, the Amended Complaint does not allege that the paramedic relied on Kihara's statement. In fact, Plaintiff states that he and Hoffman were taken to Hilo Medical Center to be examined by a doctor, [Amended Complaint at ¶ 11,] in other words, Plaintiff did receive medical attention. Thus, the Amended Complaint does not allege either actual reliance on Kihara's alleged statement or that Kihara's statement was somehow detrimental to Plaintiff.

This Court therefore CONCLUDES that the Amended Complaint fails to state a plausible fraudulent misrepresentation claim based on Kihara's statement that Plaintiff and Hoffman denied medical treatment. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007))). Further, the Amended Complaint does not allege any other false statement that could be the basis of Plaintiff's fraudulent misrepresentation claim against the County Defendants. This Court CONCLUDES that Count I fails to state a plausible fraudulent misrepresentation claim against the County Defendants. This Court has given Plaintiff notice of the deficiencies in his

fraudulent misrepresentation claim against the County Defendants and the opportunity to amend his claim to cure the deficiencies. Because Plaintiff has failed to cure the deficiencies in his claim, this Court CONCLUDES that it is absolutely clear that he cannot amend his fraudulent misrepresentation claim against the County Defendants to cure the defects.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

This Court therefore GRANTS the County Defendants' Motion insofar as this Court DISMISSES Plaintiff's claim in Amended Count I against them WITH PREJUDICE.

### B. IIED

In the 1/29/16 Order, this Court concluded that Plaintiff's allegation that Kihara failed to issue a criminal citation to Kraus after the accident was not enough to allege the type of outrageous conduct necessary to support an IIED claim. [1/29/16 Order at 16.]  The Amended Complaint's allegations regarding the failure to issue a citation remain essentially the same as the allegations in the original Complaint.  Plaintiff has added the allegations regarding Kihara's statement about the refusal of medical treatment.  Even considering both allegations together, Plaintiff has not pled the type of outrageous conduct

12

necessary to state an IIED claim, in particular because Plaintiff did receive medical attention in spite of Kihara's statement. See Ross v. Stouffer Hotel Co. (Hawai`i) Ltd., Inc., 76 Hawai`i 454, 465 n.12, 879 P.2d 1037, 1048 n.12 (1994) (describing the type of outrageous conduct necessary to state an actionable IIED claim).

This Court therefore CONCLUDES that Plaintiff has failed to allege a plausible IIED claim against the County Defendants, and it is absolutely clear that he cannot amend his this claim to cure the defects.  This Court GRANTS the Motion insofar as this Court DISMISSES Plaintiff's claim in Amended Count II against the County Defendants WITH PREJUDICE.

### C. Amended Counts IIA Through V

Plaintiff made no substantive changes to Amended Counts IIA through V, and therefore he has not addressed the defects in his claims identified in the 1/29/16 Order.  Amended Count IIA still does not allege how Plaintiff's loss related to his vehicle resulted from Kihara's failure to issue a citation to Kraus.  [1/29/16 Order at 17-18.]  Amended Count III still does not specify what specific civil right tort, recognized in federal common law, he alleges against the County Defendants.  [Id. at 19.]  This Court therefore CONCLUDES that Plaintiff has failed to allege plausible claims against the County Defendants in Amended Counts IIA and III, and it is absolutely clear that he cannot

13

amend these claims to cure the defects.  This Court GRANTS the Motion insofar as this Court DISMISSES Plaintiff's claims in Amended Counts IIA and III against the County Defendants WITH PREJUDICE.

In the 1/29/16 Order, this Court dismissed Plaintiff's other § 1983 claims against the County because he failed to allege that Kihara's decision not to issue a citation to Kraus was based on official County policy.  [Id. at 19-21.]  Plaintiff failed to cure this defect in Amended Counts IV and V.  This Court therefore CONCLUDES that Plaintiff has failed to allege plausible claims against the County in Amended Counts IV and V, and it is absolutely clear that he cannot amend these claims to cure the defects.  This Court GRANTS the Motion insofar as this Court DISMISSES Plaintiff's claims in Amended Counts IV and V against the County WITH PREJUDICE.

As to Kihara, this Court dismissed Plaintiff's claim in Count IV because Plaintiff did not plead any factual allegations that supported his conclusory statement that Kihara's decision not to issue a citation to Kraus deprived Plaintiff of his liberty or property.  [Id. at 21.]  This Court dismissed Plaintiff's claim against Kihara in Count V because he did not plead any factual allegations supporting his conclusory statement that Kihara used force against him – let alone excessive and unreasonable force – when Kihara decided not to issue a citation

14

to Kraus. [Id. at 21-22.] Plaintiff failed to cure these defects in Amended Counts IV and V. This Court therefore CONCLUDES that Plaintiff has failed to allege plausible claims against Kihara in Amended Counts IV and V, and it is absolutely clear that he cannot amend these claims to cure the defects. This Court GRANTS the Motion insofar as this Court DISMISSES Plaintiff's claims in Amended Counts IV and V against Kihara WITH PREJUDICE.

      D.    **Amended Count VI**

Amended Count VI is titled "PUNITIVE DAMAGES," but the text within it refers to fees and costs pursuant to § 1983. [Amended Complaint at pgs. 6-7.] As stated in the 1/29/16 Order, these are remedies, not independent causes of action. [1/29/16 Order at 25.] Moreover, because this Court has dismissed all of Plaintiff's substantive claims against the County Defendants with prejudice, this Court GRANTS the Motion and DISMISSES Amended Count VI WITH PREJUDICE as to the County Defendants.

This Court also DISMISSES Amended Count VI WITH PREJUDICE as to Kraus. This Court, however, EMPHASIZES that the dismissal of Amended Count VI against Kraus does not affect the request for punitive damages and the request for fees and costs in the Amended Complaint's prayer for relief.


## CONCLUSION

On the basis of the foregoing, the County Defendants' Motion to Dismiss Christopher Young Amendment (sic) of Complaint Filed March 4, 2016 [Document 35] – which the County Defendants filed on March 14, 2016 – is HEREBY GRANTED IN PART AND DENIED IN PART.  The Motion is DENIED as to the request to dismiss the Amended Complaint as untimely.  The Motion is GRANTED as to the request to dismiss Plaintiff's claims against the County Defendants for failure to state a claim.  All of Plaintiff's claims against Defendants the County of Hawai`i, the County of Hawai`i Police Department, and Patrick T. Kihara in the Amended Complaint are HEREBY DISMISSED WITH PREJUDICE.  In addition, Count VI of the Amended Complaint is HEREBY DISMISSED WITH PREJUDICE as to Defendant Michael M. Kraus.

There being no remaining claims against the County Defendants, this Court DIRECTS the Clerk's Office to terminate them as parties on **February 15, 2017**, unless any party files a motion for reconsideration of this Order by **February 13, 2017**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 27, 2017.



        /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**CHRISTOPHER YOUNG VS. MICHAEL M. KRAUSE, ET AL; CIVIL 15-00383 LEK-KSC; ORDER GRANTING IN PART AND DENYING IN PART THE COUNTY DEFENDANTS' MOTION TO DISMISS CHRISTOPHER YOUNG AMENDMENT (SIC) OF COMPLAINT FILED MARCH 4, 2016 [DOCUMENT 35]**