IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

CHRISTOPHER YOUNG,                )      CIVIL 15-00383 LEK-KSC
                                  )
          Plaintiff,              )
                                  )
     vs.                          )
                                  )
MICHAEL M. KRAUS, Owner of        )
Tree Works Inc., COUNTY OF        )
HAWAII, POLICE DEPARTMENT,        )
PATRICK T. KIHARA as a Police     )
Officer in the County of          )
Hawaii, State of Hawaii, JOHN     )
DOES 1-10, JANE DOES 1-10,        )
DOE CORPORATIONS 1-10, DOE        )
PARTNERSHIPS 1-10, AND DOE        )
GOVERNMENT ENTITIES 1-10,         )
                                  )
          Defendants.             )
_____ )

**ORDER DENYING THE PORTION OF PLAINTIFF'S MOTION SEEKING
RECONSIDERATION OF THIS COURT'S JANUARY 27, 2017 ORDER AND
DENYING WITHOUT PREJUDICE THE PORTION OF THE MOTION ATTEMPTING
<u>TO APPEAL THE ORDER OR RULINGS ISSUED BY THE MAGISTRATE JUDGE</u>**

On January 27, 2017, this Court issued its Order

Granting in Part and Denying in Part the County Defendants'

Motion to Dismiss Christopher Young Amendment (sic) of Complaint

Filed March 4, 2016 [Document 35] ("1/27/17 Order"). [Dkt. no.

106.] On February 13, 2017, pro se Plaintiff Christopher Young

("Plaintiff") filed a document titled "Plaintiff's Separate

Concise Statement of Facts in Opposition 12/20/2016 Hearing this

Court Lack Jurisdiction and Objection to Defendnat (sic) Kraus

Order 1/6/2017 and Judge Order 1/12/2017" and, on February 16,

2017, Plaintiff filed a document titled "Objection to Judge's

Order Granting in Part the County Defednats' Motion to Dismiss Christopher Young Amendment (sic) of Complaint Filed March 4, 2016 [Document 35]." [Dkt. nos. 109, 110.] The two documents raise similar arguments and this Court considers them collectively as one "Motion." Because Plaintiff is proceeding pro se, this Court must liberally construe his filings. See, e.g., Pregana v. CitiMortgage, Inc., Civil No. 14-00226 DKW-KSC, 2015 WL 1966671, at *2 (D. Hawai`i Apr. 30, 2015) ("The Court liberally construes the [plaintiffs'] filings because they are proceeding pro se." (citing Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987))). This Court liberally CONSTRUES Plaintiff's Motion as: 1) seeking reconsideration of the 1/27/17 Order; and 2) attempting to appeal the order and/or oral rulings issued by the magistrate judge regarding a discovery motion.

The Court has considered the two portions of the Motion as non-hearing matters pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion and the relevant legal authority, the portion of the Motion seeking reconsideration of the 1/27/17 Order is DENIED, and the portion of the Motion attempting to appeal the magistrate judge's order and/or oral rulings is DENIED WITHOUT PREJUDICE to the filing of an amended appeal that complies with the terms of this Order.

**DISCUSSION**

I.   **Motion for Reconsideration**

        In the 1/27/17 Order, this Court – among other things –

dismissed all of Plaintiff's claims against Defendants the County

of Hawai`i, the County of Hawai`i Police Department

(collectively, "the County"), and Patrick T. Kihara ("Kihara",

all collectively, "the County Defendants") with prejudice.[1]  As

to all of the claims against the County Defendants, this Court

concluded that Plaintiff failed to cure the defects in his claims

that this Court identified in the order dismissing his original

Complaint.  In particular, this Court noted that Plaintiff

amended his fraudulent misrepresentation claim to allege that

Kihara falsely told the paramedic who responded to Plaintiff's

accident that all parties who had been involved in the accident

refused medical treatment.  This Court concluded that Plaintiff

still failed to state a plausible fraudulent misrepresentation

claim against Kihara because the Amended Complaint did not allege

either actual reliance on Kihara's statement or that Kihara's

statement was detrimental to Plaintiff.  The Amended Complaint

failed to allege a detriment to Plaintiff because, according to

paragraph 11 of the Amended Complaint, Plaintiff and John Hoffman

---

[1] Plaintiff filed his "Amendment of Complaint" ("Amended Complaint") on March 4, 2016.  [Dkt. no. 35.]  The County Defendants filed a motion to dismiss the Amended Complaint ("Motion to Dismiss") on March 14, 2016.  [Dkt. no. 38.]

– who was in the vehicle with Plaintiff – were taken to Hilo Medical Center after the accident to be examined by a doctor. [1/27/17 Order at 9-11.]

In the instant Motion, Plaintiff now states that, after Kihara told the paramedic that all parties had refused medical treatment, "the paramedic left the scene of the accident, Kihara gave Plaintiff [the] police report number, then told Plaintiff to leave the scene of the accident; Plaintiff in pain." [Motion (dkt. no. 109), Decl. of Christopher Young at ¶ 7 (citing Amended Complaint at ¶¶ 9-11, p.3).]

This Court has previously stated that a motion for reconsideration

> "must accomplish two goals.  First, a motion for
> reconsideration must demonstrate reasons why the
> court should reconsider its prior decision.
> Second, a motion for reconsideration must set
> forth facts or law of a strongly convincing nature
> to induce the court to reverse its prior
> decision." See Davis v. Abercrombie, Civil No.
> 11-00144 LEK-BMK, 2014 WL 2468348, at *2 (D.
> Hawaii June 2, 2014) (citation and internal
> quotation marks omitted).  This district court
> recognizes three circumstances where it is proper
> to grant reconsideration of an order: "(1) when
> there has been an intervening change of
> controlling law; (2) new evidence has come to
> light; or (3) when necessary to correct a clear
> error or prevent manifest injustice." Tierney v.
> Alo, Civ. No. 12-00059 SOM/KSC, 2013 WL 1858585,
> at *1 (D. Hawaii May 1, 2013) (citing School
> District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262
> (9th Cir. 1993)).  "Mere disagreement with a
> previous order is an insufficient basis for
> reconsideration." Davis, 2014 WL 2468348, at *3
> n.4 (citations and internal quotation marks
> omitted).

4

Riley v. Nat'l Ass'n of Marine Surveyors, Inc., Civil No. 14-00135 LEK-RLP, 2014 WL 4794003, at *1 (D. Hawai`i Sept. 25, 2014).

Plaintiff does not allege there has been an intervening change in the law or there is newly discovered evidence that should change the Court's ruling on the Motion to Dismiss. Plaintiff apparently argues that this Court made a clear error in construing the factual allegations of the Amended Complaint because the paramedic did leave the scene of the accident in reliance on Kihara's statement.  However, paragraph 11 of the Amended Complaint speaks for itself; it states that Plaintiff and Hoffman "were taken to the Hilo Medical Center to have injuries checked by a medical doctor."  In considering the County Defendants' Motion to Dismiss, the scope of this Court's review was limited to the allegations in the Amended Complaint.  See Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010).  Plaintiff cannot rely on a self-serving declaration that contradicts the allegations in his Amended Complaint to defeat the Motion to Dismiss or to seek reconsideration of the 1/27/17 Order.  This Court therefore CONCLUDES that Plaintiff's Motion does not present any ground that warrants reconsideration of this Court's dismissal with prejudice of his fraudulent misrepresentation claim against Kihara.

The instant Motion also alleges that the removal of this action on September 28, 2015 was "false or fraud-based" because of an alleged conspiracy regarding the service of the Complaint. [Motion (dkt. no. 109) at 2.] This argument has no bearing upon the issues addressed in the 1/27/17 Order, and it therefore does not establish any of the three grounds that warrant reconsideration of a court order. Further, to the extent that Plaintiff's argument could be construed as seeking reconsideration of this Court's April 19, 2016 order denying Plaintiff's motion for remand,[2] the request is untimely. <u>See</u> Local Rule LR60.1 (stating that a motion for reconsideration alleging a manifest legal or factual error "must be filed and served not more than fourteen (14) days after the court's written order is filed"). Thus, to the extent that Plaintiff's Motion is based on the alleged conspiracy regarding service of the Complaint, Plaintiff's Motion is DENIED.

The Motion's other arguments do not establish an intervening change of law, any newly discovered evidence, a clear

---

[2] On March 4, 2016, Plaintiff filed a document titled "Verification of Plaintiff's Objection to Judges Failiar to Address the Rule 4 Violations of the Defendants County's Counsel in the Removal on 9/28/2015" ("3/4/16 Filing"). [Dkt. no. 34.] On March 8, 2016, this Court issued an entering order construing the 3/4/16 Filing as, among other things, a motion for remand. [Dkt. no. 36.] On April 19, 2016, this Court issued its Order Denying "Verification of Plaintiff's Objection to Judges Failiar to Address the Rule 4 Violations of the Defendants County's Counsel in the Removal on 9/28/2015." [Dkt. no. 46.]

error in the 1/27/17 Order, or a manifest injustice in the order which requires reconsideration.  This Court therefore CONCLUDES that Plaintiff has not established any ground that warrants reconsideration of the 1/27/17 Order.  To the extent that Plaintiff's Motion seeks reconsideration of the 1/27/17 Order, the Motion is DENIED.

## II.   Attempt to Appeal to the Magistrate Judge's Order/Rulings

Plaintiff's Motion also purports to: state facts in opposition to a December 20, 2016 hearing; and raise objections to a "Kraus Order" dated January 6, 2017, and a "Judge Order" dated January 12, 2017.  [Motion (dkt. no. 109) at 1.]  On December 20, 2016, the magistrate judge held a hearing on Defendant Michael M. Kraus and Tree Works, Inc.'s (collectively "Kraus") Motion to Compel Answers to Interrogatories ("Motion to Compel"), filed October 10, 2016.  The magistrate judge orally granted the Motion to Compel.  [Dkt. nos. 90 (Motion to Compel), 104 (Minutes of December 20, 2016 hearing).]  There was no court order filed on January 6, 2017, but, on January 12, 2017, the magistrate judge filed a written order granting the Motion to Compel.

Local Rule 72.3 states: "Unless otherwise ordered, a magistrate judge shall hear and determine all pretrial motions, including discovery motions, in a civil . . . case."  Local Rule 74.1 states: "Any party may appeal from a magistrate judge's

order determining a motion or matter under LR72.3 . . . within
fourteen (14) days after being served with a copy of the order."
This Court therefore CONSTRUES the Motion as an attempt to appeal
the magistrate judge's order and/or oral rulings regarding
Kraus's Motion to Compel.

However, Local Rule 74.1 requires that a party
appealing a magistrate judge's order "specifically designate the
portions of the order appealed from."  This Court cannot
determine from Plaintiff's Motion what specific portions of the
magistrate judge's order and/or oral rulings he is appealing
from.  This Court also notes that Plaintiff filed the first part
of the Motion on February 13, 2017, which appears to be more than
fourteen days after the magistrate judge filed the order granting
Kraus's Motion to Compel.

This Court therefore DENIES the portion of Plaintiff's
Motion which attempts to appeal the magistrate judge's order
and/or oral rulings regarding the Motion to Compel.  The denial
is WITHOUT PREJUDICE to the filing of an amended appeal.  If
Plaintiff chooses to file an amended appeal, he must do so by
**March 3, 2017**, and his amended appeal must address all of the
following issues:

1)  whether there was good cause for Plaintiff's failure to file
    a timely appeal of the magistrate judge's order and/or oral
    rulings on the Motion to Compel;

2)  what specific portion of the magistrate judge's order
    granting the Motion to Compel or what specific portion of

the magistrate judge's oral rulings he is appealing; and

3)    what is the factual and/or legal basis for Plaintiff's
      appeal of the magistrate judge's order and/or oral rulings.

This Court EMPHASIZES that it will not consider Plaintiff's

appeal if he fails to file his amended appeal by **March 3, 2017**,

and this Court will not consider the merits of Plaintiff's appeal

if he cannot establish good cause for his failure to file a

timely appeal.  After reviewing Plaintiff's amended appeal, this

Court will notify Kraus if it is necessary for him to file a

response.

## CONCLUSION

On the basis of the foregoing, the portion of

Plaintiff's February 13, 2017 motion seeking reconsideration of

this Court's 1/27/17 Order is HEREBY DENIED, and the portion of

Plaintiff's February 13, 2017 motion attempting to appeal the

magistrate judge's order and/or oral rulings regarding Kraus's

Motion to Compel is HEREBY DENIED WITHOUT PREJUDICE.  If

Plaintiff chooses to do so, he may file an amended appeal by

**March 3, 2017**.  Plaintiff's amended appeal must comply with the

requirements described in this Order.

There being no remaining claims against the County

Defendants, this Court DIRECTS the Clerk's Office to terminate

them as parties immediately.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 17, 2017.



  /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**CHRISTOPHER YOUNG VS. MICHAEL M. KRAUS, ETC., ET AL.; CIVIL 15-00383 LEK-KSC; ORDER DENYING THE PORTION OF PLAINTIFF'S MOTION SEEKING RECONSIDERATION OF THIS COURT'S JANUARY 27, 2017 ORDER AND DENYING WITHOUT PREJUDICE THE PORTION OF THE MOTION ATTEMPTING TO APPEAL THE ORDER OR RULINGS ISSUED BY THE MAGISTRATE JUDGE**