IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
CHRISTOPHER YOUNG,              )    CIVIL 15-00383 LEK-KSC
                                )
          Plaintiff,            )
                                )
     vs.                        )
                                )
MICHAEL M. KRAUS, Owner of      )
Tree Works Inc., COUNTY OF      )
HAWAII, POLICE DEPARTMENT,      )
PATRICK T. KIHARA as a Police   )
Officer in the County of        )
Hawaii, State of Hawaii, JOHN   )
DOES 1-10, JANE DOES 1-10,      )
DOE CORPORATIONS 1-10, DOE      )
PARTNERSHIPS 1-10, AND DOE      )
GOVERNMENT ENTITIES 1-10,       )
                                )
          Defendants.           )
_____ )
```

**ORDER DENYING PLAINTIFF'S APPEAL OF
THE MAGISTRATE JUDGE'S ORDER GRANTING DEFENDANTS'
MOTION FOR SANCTIONS AGAINST PLAINTIFF AND THE MAGISTRATE
<u>JUDGE'S ENTERING ORDER DETERMINING THE AMOUNT OF THE SANCTION</u>**

On June 23, 2017, the magistrate judge issued the Order Granting Defendants' Motion for Sanctions Against Plaintiff ("6/23/17 Order"), and, on June 29, 2017, he issued an entering order determining the amount of the sanction award ("6/29/17 EO"). [Dkt. nos. 125, 129.] On July 10, 2017, pro se Plaintiff Christopher Young ("Plaintiff") filed a document titled "Verification of Plaintiff's Objection to the 6/23/2017 Order Granting Defendants' Motion for Sanctions Against Plaintiff." [Dkt. no. 130.] This Court has construed Plaintiff's filing as an appeal of the 6/23/17 Order and the 6/29/17 EO ("Appeal").

[EO, filed 7/11/17 (dkt. no. 131) (construing filing).]
Defendants Michael M. Kraus ("Kraus") and Tree Works, Inc.
(collectively "Defendants" or "the Tree Works Defendants") filed
a "Memorandum in Support of Sanctions Imposed upon Plaintiff"
("Response") on July 25, 2017, and Plaintiff filed a document
objecting to the Response on August 11, 2017. [Dkt. nos. 132,
133.] The Court has considered the Appeal as a non-hearing
matter pursuant to Rule LR7.2(e) of the Local Rules of Practice
of the United States District Court for the District of Hawai`i
("Local Rules"). Plaintiff's Appeal is hereby denied, and the
6/23/17 Order and the 6/29/17 EO are hereby affirmed, for the
reasons set forth below.

**BACKGROUND**

The relevant factual and procedural background of this
case is set forth in the 6/23/17 Order. Ultimately, the
magistrate judge: declined to recommend the dismissal of
Plaintiff's case; "order[ed] Plaintiff to provide complete and
detailed responses to Defendants' interrogatories . . . by
July 7, 2017"; and ordered Plaintiff to reimburse Defendants'
attorney's fees and costs incurred in connection with the
underlying motion.[1]  [6/23/17 Order at 5.]  In the 6/29/17 EO,

---

[1] The 6/23/17 Order addressed the Tree Works Defendants'
Motion for Sanctions Against Plaintiff, filed on May 1, 2017
("Motion for Sanctions"). [Dkt. no. 119.] Plaintiff did not
respond to the Motion for Sanctions, and the magistrate judge
(continued...)

2

the magistrate judge found that the Tree Works Defendants' counsel "reasonably and necessarily incurred $739.50 bringing the Motion for Sanctions" and ordered Plaintiff to pay that amount to them, through their counsel, by July 12, 2017.

In the Appeal, Plaintiff appears to argue that: the Tree Works Defendants' counsel failed to disclose the fact that Kraus "is an outlaw, fugitive from justice in the State Court jurisdiction"; [Appeal at 1;] the magistrate judge did not have jurisdiction to issue the 6/23/17 Order and the 6/29/17 EO because the Tree Works Defendants' counsel has attempted to conceal the fact that Defendant Patrick T. Kihara ("Kihara") violated his duties by failing to issue a citation to Kraus after the accident in question; the magistrate judge failed to consider the violations of public policy related to the fact that Kraus is a fugitive and Kihara failed to issue a citation to him; the magistrate judge failed to consider the objections and request for sanctions against the defendants' attorneys that Plaintiff filed on December 2, 2016; the magistrate judge failed to consider Plaintiff's position that the case must be remanded to state court; defense counsel, the magistrate judge, and this Court have discriminated against him in this case because he is black; the magistrate judge failed to impartially consider all of

---

[1](...continued)
held a hearing on the motion on June 23, 2017, with Plaintiff appearing by telephone. [Minutes, filed 6/23/17 (dkt. no. 124).]

the submissions in support of Plaintiff's arguments at the hearing on the Motion for Sanctions; Plaintiff did not receive the 6/23/17 Order until July 1, 2017, leaving him insufficient time to respond to the interrogatories; he should not be forced to answer the interrogatories because the case is on appeal to the United States Supreme Court; and paying the sanction against him would be a financial hardship.

## **STANDARD**

This district court has stated:

> Pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and LR 74.1, any party may appeal to the district court any pretrial nondispositive matter determined by a magistrate judge. Such an order may be reversed by the district court judge only when it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); LR 74.1. An order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." Akey v. Placer Cty., 2017 WL 1831944, at *10 (E.D. Cal. May 8, 2017) (citation and quotation marks omitted). And an order is "clearly erroneous" if, after review, the court has a "definite and firm conviction that a mistake has been committed." Easley v. Cromartie, 532 U.S. 234, 242 (2001); Fisher v. Tucson Unified Sch. Dist., 652 F.3d 1131, 1136 (9th Cir. 2011); Cochran v. Aguirre, 2017 WL 2505230, at *1 (E.D. Cal. June 9, 2017) (citing cases). "[R]eview under the 'clearly erroneous' standard is significantly deferential." Concrete Pipe & Prods. v. Constr. Laborers Pension Tr., 508 U.S. 602, 623 (1993). Thus, the district court "may not simply substitute its judgment for that of the deciding court." Grimes v. City & Cty. of S.F., 951 F.2d 236, 241 (9th Cir. 1991); Cochran, 2017 WL 2505230, at *1.

> "'Pretrial orders of a magistrate' judge 'under § 636(b)(1)(A) . . . are not subject to a de novo determination.'" Hypolite v. Zamora, 2017 WL 68113, at *1 (E.D. Cal. Jan. 6, 2017) (quoting Merritt v. Int'l Bhd. of Boilermakers, 649 F.2d 1013, 1017 (5th Cir. 1981)). Consideration by the reviewing court of new evidence, therefore, is not permitted. United States ex rel. Liotine v. CDW Gov't, Inc., 2013 WL 1611427, at *1 (S.D. Ill. Apr. 15, 2013) ("If the district court allowed new evidence [on review of a magistrate judge's non-dispositive order], it would essentially be conducting an impermissible de novo review of the order."); cf. United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000) (determining that "a district court has discretion, but is not required, to consider evidence presented for the first time" in a de novo review of a magistrate judge's dispositive recommendation).

McAllister v. Adecco USA Inc., Civ. No. 16-00447 JMS-KJM, 2017 WL 2818198, at *2 (D. Hawai`i June 29, 2017) (alterations in McAllister).

## DISCUSSION

First, many of Plaintiff's arguments improperly ask to revisit prior rulings in this case. This Court has already considered and rejected Plaintiff's arguments that this case was improperly removed and should be remanded to the state court. [Order Denying "Verification of Plaintiff's Objection to Judges Failiar to Address the Rule 4 Violations of the Defendants County's Counsel in the Removal on 9/28/2015," filed 4/19/16 (dkt. no. 46), at 7-9.] Likewise, Plaintiff's claims against Defendants the County of Hawai`i and the County of Hawai`i Police Department (collectively, "the County") and Kihara (all

5

collectively, "the County Defendants") have previously been found to fail to state plausible claims for relief.  Those claims have been dismissed with prejudice.  [Order Granting in Part and Denying in Part the County Defendants' Motion to Dismiss Christopher Young Amendment (Sic) of Complaint Filed March 4, 2016 [Document 35], filed 1/27/17 (dkt. no. 106) ("1/27/17 Order").]  The Appeal is therefore denied to the extent it is based upon Plaintiff's arguments that the case should be remanded to state court and that the claims against the County Defendants should not have been dismissed.

Similarly, Plaintiff's argument that Kraus is "an outlaw" and a "fugitive from justice" appear to relate to his allegations that: Kihara had a duty to arrest or issue a criminal citation to Kraus because Kraus's negligence and violation of Hawai`i statutes caused an accident that resulted in injuries or damages to Plaintiff; and Kihara breached that duty by failing to do so.  [Amendment of Complaint ("Amended Complaint"), filed 3/4/16 (dkt. no. 35), at ¶¶ 12-14.]  It is clear that Plaintiff still believes Kihara should have arrested or cited Kraus and disagrees with the dismissal of his claims against Kihara challenging Kihara's failure to do so.  However, Plaintiff's disagreement with the dismissal of his claims against Kihara does not justify his failure to respond to the Tree Works Defendants' discovery requests.  To the extent the Appeal is based on

Plaintiff's allegations that Kraus is an outlaw or a fugitive, the Appeal is denied.

Plaintiff also argues that the 6/23/17 Order and the 6/29/17 EO should be reversed because the magistrate judge failed to consider Plaintiff's previous objections and request for sanctions. On December 2, 2016, Plaintiff filed a document titled "Verification of Plaintiff's Objection to the Violation of the Rule 16 Process and Plaintiff's Due Process and Equal Protection and this Judge's Failure to Address Plaintiff's Objections to the Violations and Requests for Sanctions for Said Violations" ("12/2/16 Filing"). [Dkt. no. 101.] Plaintiff is correct that there was no order issued addressing the 12/2/16 Filing. However, the 12/2/16 Filing merely restates objections and requests that Plaintiff made during a November 21, 2016 status conference regarding the trial date. See Minutes, filed 11/21/16 (dkt. no. 97). Thus, an order addressing the 12/2/16 Filing was not necessary. Moreover, the 12/2/16 Filing is not relevant to the discovery issues the magistrate judge addressed in the 6/23/17 Order and the 6/29/17 EO. The Appeal is therefore denied to the extent it is based upon the failure to address Plaintiff's 12/2/16 Filing.

Plaintiff also argues that he should not be required to respond to the Tree Works Defendants' interrogatories because the case is on appeal to the Supreme Court. Plaintiff filed three

7

appeals from orders issued in this case: an appeal from an order filed on April 19, 2016 that the Ninth Circuit dismissed for lack of jurisdiction; [Notice of Appeal, filed 5/17/16 (dkt. no. 52); Order, filed 6/10/16 (dkt. no. 62);] an appeal from an entering order filed on July 6, 2016 that the Ninth Circuit dismissed for lack of jurisdiction; [Notice of Appeal, filed 7/15/16 (dkt. no. 67); Order, filed 8/29/16 (dkt. no. 74);] and an appeal from an order filed on February 17, 2017 that the Ninth Circuit dismissed for lack of jurisdiction; [Notice of Appeal, filed 3/13/17 (dkt. no. 114); Order, filed 4/21/17 (dkt. no. 118)]. On May 18, 2017 in this district court, Plaintiff filed a courtesy copy of his "Notice of Appeal to the United States Supreme Court from a Judgment or Order in the Ninth Circuit Court of Appeals" from the Ninth Circuit's April 21, 2017 Order. [Dkt. no. 122.] However, there is no case in the Supreme Court's docketing system involving Plaintiff. His "Notice of Appeal" was apparently rejected, and no case was ever opened. Plaintiff's argument that the magistrate judge erred in requiring him to respond to the Tree Works Defendants' interrogatories while he had a pending appeal is therefore rejected.

Plaintiff argues that defense counsel, the magistrate judge, and this Court have discriminated against him because he is black. This is a serious allegation for which Plaintiff points to no supporting evidence. Because Plaintiff does not

identify how any prejudice against him contributed to the 6/23/17 Order or the 6/29/17 EO, his argument is rejected for purposes of the Appeal. If Plaintiff believes that the magistrate judge or this Court has a general personal prejudice against him, his remedy is to file a motion to recuse pursuant to 28 U.S.C. § 144 and/or § 455.[2]

---

[2] This district court has stated:

> Under § 144, a judge must recuse himself when a party to a district court proceeding "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144.
>
> Under § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455 requires recusal when:
>
>> a judge's impartiality might reasonably be questioned or where he has personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. Recusal is also required where the judge knows he has a fiduciary interest in the subject matter in controversy or in a party to the proceedings, or any other interest that could substantially affect the outcome of the proceedings. 28 U.S.C. § 455(b)(4).
>
> Hanson v. Palehua Cmty. Ass'n, 2013 WL 1187948 (D. Haw. Mar. 20, 2013).
>
> A motion brought under § 144 must be supported by a party's affidavit identifying the basis for the party's belief that a judge is
> (continued...)

9

Plaintiff also argues that the magistrate judge failed to impartially consider all of the submissions in support of his arguments at the hearing. Because Plaintiff did not file a memorandum in opposition to the Tree Works Defendants' Motion for Sanctions, there were no submissions from Plaintiff for the magistrate judge to consider. Although it was within the magistrate judge's discretion not to consider Plaintiff's arguments at the hearing because of his failure to file a memorandum in opposition, the 6/23/17 Order reflects that the magistrate judge did consider Plaintiff's arguments. That the magistrate judge ruled against Plaintiff does not mean that the magistrate judge failed to consider evidence or arguments in support of Plaintiff's position. This Court rejects the Appeal's argument that the magistrate judge failed to consider submissions in support of Plaintiff's position. Having rejected all of Plaintiff's arguments challenging the requirement that he to respond to the Tree Works Defendants' request for answers to interrogatories, this Court denies the Appeal and the affirms the 6/23/17 Order.

---

[2](...continued)
    biased or prejudiced. A judge other than the judge who is the subject of a motion brought under § 144 must decide the motion. Section 455 does not include language requiring an affidavit or requiring assignment to a different judge.

Pitts v. Espinda, CIVIL NO. 15-00483 JMS/KJM, 2016 WL 3566191, at *2-3 (D. Hawai`i June 24, 2016) (alteration in Pitts).

Plaintiff's asserts that he did not have sufficient time to comply with the 6/23/17 Order because he did not receive it until July 1, 2017 and because he is pro se. The record does not contain any indication why it took so long for Plaintiff to receive the order. In light of Plaintiff's pro se status and the fact that he lives on the Island of Hawai`i, this Court will provide Plaintiff additional time from the filing of this Order to respond to the interrogatories. However, Plaintiff's position that he did not have sufficient time to respond to the interrogatories is not a ground to reverse the 6/23/17 Order.

Finally, Plaintiff argues that paying the sanction against him would be a financial hardship. Pursuant to Fed. R. Civ. P. 37(b)(2)(C), the magistrate judge was required to order Plaintiff to pay the Tree Works Defendants' reasonable expenses incurred because of Plaintiff's failure to respond to the interrogatories "unless the failure was substantially justified or other circumstances make an award of expenses unjust." For the reasons stated in the 6/23/17 Order and the instant Order, Plaintiff's failure to respond was not substantially justified. Plaintiff contends that the financial hardship renders the award unjust. While there are circumstances where an award of attorney's fees and costs against a pro se party is unjust, the award in this case does not rise to that level. See, e.g., Williamson v. Hawai`i, Civil No. 14-00001 HG-RLP, 2014 WL

7642094, at *3 (D. Hawai`i Dec. 30, 2014) (finding that "awarding $11,422.03 in expenses against a pro se Plaintiff proceeding *in forma pauperis* would be unjust," particularly where the magistrate judge recommended dismissal of the action as a sanction), *report and recommendation adopted*, 2015 WL 224714 (Jan. 15, 2015). This Court therefore rejects Plaintiff's argument that the award of $739.50 in the 6/29/17 EO is unjust. The Appeal is denied as to the attorney's fee issue, and the 6/29/17 EO is affirmed.

## CONCLUSION

On the basis of the foregoing, this Court DENIES Plaintiff's July 10, 2017 appeal of the magistrate judge's: Order Granting Defendants' Motion for Sanctions Against Plaintiff, filed June 23, 2017; and, entering order determining the amount of the sanction award, filed June 29, 2017. The 6/23/17 Order and the 6/29/2017 EO are AFFIRMED. This Court ORDERS Plaintiff provide complete and detailed responses to the Tree Works Defendants' request for answers to interrogatories by **November 9, 2017**. Further, this Court orders Plaintiff to pay the $739.50 sanction to the Tree Works Defendants, through their counsel, by **November 16, 2017**.

This Court CAUTIONS Plaintiff that his failure to provide complete and detailed responses to the interrogatories by

**November 9, 2017** will result in additional sanctions, which may include the dismissal of his claims.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, October 12, 2017.



    /s/ Leslie E. Kobayashi
    Leslie E. Kobayashi
    United States District Judge

**CHRISTOPHER YOUNG V. MICHAEL M. KRAUS, ET AL., CIVIL 15-00383 LEK-KSC; ORDER DENYING PLAINTIFF'S APPEAL OF THE MAGISTRATE JUDGE'S ORDER GRANTING DEFENDANTS' MOTION FOR SANCTIONS AGAINST PLAINTIFF AND THE MAGISTRATE JUDGE'S ENTERING ORDER DETERMINING THE AMOUNT OF THE SANCTION**