```
                IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF HAWAII

CHRISTOPHER YOUNG,              )   CIVIL 15-00383 LEK-KSC
                                )
          Plaintiff,            )
                                )
     vs.                        )
                                )
MICHAEL M. KRAUS, Owner of      )
Tree Works Inc., COUNTY OF      )
HAWAII, POLICE DEPARTMENT,      )
PATRICK T. KIHARA as a Police   )
Officer in the County of        )
Hawaii, State of Hawaii, JOHN   )
DOES 1-10, JANE DOES 1-10,      )
DOE CORPORATIONS 1-10, DOE      )
PARTNERSHIPS 1-10, AND DOE      )
GOVERNMENT ENTITIES 1-10,       )
                                )
          Defendants.           )
_____ )
```

## **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

On October 12, 2017, this Court issued the Order Denying Plaintiff's Appeal of the Magistrate Judge's Order Granting Defendants' Motion for Sanctions Against Plaintiff and the Magistrate Judge's Entering Order Determining the Amount of the Sanction ("10/12/17 Order"). [Dkt. no. 134.] On October 30, 2017, pro se Plaintiff Christopher Young ("Plaintiff") filed a document titled "Verification Plaintiff's Objection to Judge's Order 10/12/2017 Continue to Avoid this Court's Lack of Jurisdiction Based on Undisputed Violations in Removal 09/28/2015 Proof of Evidence in the Docket at [Dkt. Nos. 1-135]." [Dkt. no. 135.] Plaintiff's filing is CONSTRUED as a motion for reconsideration of the 10/12/17 Order ("Motion for

Reconsideration").

The Court has considered the Motion for Reconsideration as non-hearing matter pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). On October 31, 2017, an entering order ruling on the Motion for Reconsideration was issued ("10/31/17 EO Ruling").[1] [Dkt. no. 136.] The instant Order supersedes the 10/31/17 EO Ruling. Plaintiff's Motion for Reconsideration is hereby denied for the reasons set forth below.

## BACKGROUND

The magistrate judge's June 23, 2017 Order Granting Defendants' Motion for Sanctions Against Plaintiff ("6/23/17 Order") ordered Plaintiff to respond to the Tree Works Defendants' requests for answers interrogatories and to reimburse their attorney's fees and costs incurred in connection with the underlying motion.[2] [Dkt. no. 125.] The magistrate judge's June 29, 2017 entering order ("6/29/17 EO") set the amount of the sanction award at $739.50. [Dkt. no. 129.] On July 10, 2017, Plaintiff filed an appeal of both the 6/23/17 Order and the

---

[1] The 10/31/17 EO Ruling also stated that it was not necessary for Defendants Michael M. Kraus and Tree Works, Inc. (collectively "the Tree Works Defendants") to file a response to the Motion for Reconsideration.

[2] The 6/23/17 Order addressed the Tree Works Defendants' Motion for Sanctions Against Plaintiff, filed on May 1, 2017 ("Motion for Sanctions"). [Dkt. no. 119.]

2

6/29/17 EO ("Appeal"), [dkt. no. 130,] which was denied in the 10/12/17 Order. The 10/12/17 Order directed Plaintiff to provide complete and detailed responses to the Tree Works Defendants' request for answers to interrogatories by November 9, 2017 and to pay the $739.50 sanction to them, through their counsel, by November 16, 2017. [10/12/17 Order at 12.]

In the Motion for Reconsideration, Plaintiff argues that the 10/12/17 Order: 1) incorrectly stated that he did not respond to the Motion for Sanctions; 2) erred in affirming the 6/23/17 Order and the 6/29/17 EO because this case was wrongfully removed; and 3) violated his rights when it threatened to dismiss Plaintiff's claims against the Tree Works Defendants if Plaintiff failed to respond to the request for answers to interrogatories because he has already responded to them. Plaintiff also argues that dismissing his case would violate his constitutional rights to a jury trial, equal protection, and due process, as well as violate the public trust and the public interest.

## DISCUSSION

The standards applicable to a motion for reconsideration are set forth in the February 17, 2017 Order Denying the Portion of Plaintiff's Motion Seeking Reconsideration of this Court's January 27, 2017 Order and Denying Without Prejudice the Portion of the Motion Attempting to Appeal the Order or Rulings Issued by the Magistrate Judge. [Dkt. no. 111

at 4.] The standards will only be repeated here where they are directly relevant to Plaintiff's Motion for Reconsideration.

First, Plaintiff argues that he responded to the Tree Works Defendants' Motion for Sanctions in docket numbers 19, 20, 80, 93, 101, 109, 110, 112, 114, and 130. Docket number 130 was Plaintiff's Appeal, which was addressed in the 10/12/17 Order. All of the other documents that Plaintiff cites were filed before the Motion for Sanctions and therefore were not responses to the Motion for Sanctions. The statement in the 10/12/17 Order that Plaintiff did not respond to the Motion for Sanctions, [10/12/17 Order at 2 n.1,] was not erroneous. Further, to the extent that the Motion for Reconsideration contends that the magistrate judge should have considered Plaintiff's arguments in those documents in ruling on the Motion for Sanctions and this Court should have considered those arguments in ruling on the Appeal, the Motion for Reconsideration is denied. The magistrate judge considered the arguments that Plaintiff presented at the hearing on the Motion for Sanctions, and this Court considered the arguments that Plaintiff presented in the Appeal. Neither the magistrate judge nor this Court had a obligation to consider arguments that Plaintiff raised in Plaintiff's previous filings in this case.

Plaintiff second argument is a challenge to the removal of this case. Plaintiff raised arguments in the Appeal challenging the removal, and they were rejected. [Id. at 5-6.]

4

Plaintiff's arguments in the Motion for Reconsideration about removal are rejected because Plaintiff's disagreement with this Court's rulings does not warrant reconsideration of the 10/12/17 Order.  See Davis v. Abercrombie, Civil No. 11-00144 LEK-BMK, 2014 WL 2468348, at *3 n.4 (D. Hawaii June 2, 2014) ("Mere disagreement with a previous order is an insufficient basis for reconsideration." (citations and internal quotation marks omitted)).

Plaintiff's final argument is that the 10/12/17 Order violated his rights because it ordered him to respond to the Tree Works Defendants' request for answers to interrogatories by November 9, 2017.  Plaintiff contends that he filed his answers to the interrogatories with the Appeal.  There is an attachment to the Appeal titled "Interrogatories," as well as a set of various documents that Plaintiff labeled "Attachments."  [Dkt. nos. 130-15, 130-16.]  Even assuming that it was Plaintiff's intention for these to serve as his response to the Tree Works Defendants' request for answers to interrogatories, attaching them to the Appeal was not the proper way for Plaintiff to serve his answers on the Tree Works Defendants.  The requirement in the 10/12/17 Order that Plaintiff provide complete and detailed responses to the request for answers to interrogatories by November 9, 2017 did not violate Plaintiff's rights.  Similarly, Plaintiff's rights were not violated when the 10/12/17 Order

cautioned him that his failure to provide complete and detailed responses will result in additional sanctions, which may include the dismissal of his claims.

Plaintiff has failed to establish any ground that warrants reconsideration of the 10/12/17 Order.  See Local Rule LR60.1 (identifying when "[m]otions for reconsideration of interlocutory orders may be brought").

**CONCLUSION**

On the basis of the foregoing, Plaintiff's "Verification Plaintiff's Objection to Judge's Order 10/12/2017 Continue to Avoid this Court's Lack of Jurisdiction Based on Undisputed Violations in Removal 09/28/2015 Proof of Evidence in the Docket at [Dkt. Nos. 1-135]," which has been construed as a motion for reconsideration of this Court's October 12, 2017 order, is HEREBY DENIED.

The deadline for Plaintiff to provide complete and detailed responses to the Tree Works Defendants' request for answers to interrogatories remains **November 9, 2017**, and the deadline for Plaintiff to pay the $739.50 sanction to the Tree Works Defendants, through their counsel, remains **November 16, 2017**.  Plaintiff is directed to consult Fed. R. Civ. P. 33(b) regarding the service of answers to interrogatories.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 7, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**CHRISTOPHER YOUNG VS. MICHAEL M. KRAUSE, ET AL; CIVIL 15-00383 LEK-KSC; ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**