IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTOPHER YOUNG,<br><br>        Plaintiff,<br><br>    vs.<br><br>MICHAEL M. KRAUS, ET AL.,<br><br>        Defendants.<br>_____ | ) CIVIL NO. 15-00383 LEK-KSC<br>)<br>) FINDINGS AND RECOMMENDATION TO<br>) GRANT DEFENDANTS' MOTION FOR<br>) SANCTIONS AGAINST PLAINTIFF<br>)<br>)<br>)<br>)<br>)<br>) |

FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTION FOR SANCTIONS AGAINST PLAINTIFF

Before the Court is Defendants Michael Kraus and Tree Works, Inc.'s (collectively "Defendants") Motion for Sanctions Against Plaintiff ("Motion"), filed December 5, 2017.  Plaintiff Christopher Young ("Plaintiff") did not file a response.

This matter came on for hearing on January 22, 2018. Plaintiff appeared pro se by phone and Ronald Shigekane, Esq., appeared on behalf of Defendants.  After careful consideration of Defendants' submissions, the applicable law, and the arguments of Plaintiff and counsel, the Court HEREBY RECOMMENDS that the Motion be GRANTED for the reasons articulated below.

### BACKGROUND

On October 10, 2016, Defendants filed a motion to compel answers to interrogatories.  Doc. No. 90.  The Court orally granted the motion at the December 20, 2016 hearing and ordered Plaintiff to submit responses to interrogatories by

February 6, 2017.  Doc. No. 104.  A written order issued on January 12, 2017 ("Discovery Order"), directing Plaintiff to provide complete and detailed responses to Defendants' interrogatories by February 6, 2017.  Doc. No. 105.  Plaintiff attempted to appeal the Discovery Order, but his request was denied without prejudice because it did not comply with Local Rule 74.1 and because it was untimely.  See Order Denying the Portion of Plaintiff's Motion Seeking Reconsideration of This Court's January 27, 2017 Order and Denying Without Prejudice the Portion of the Motion Attempting to Appeal the Order or Rulings Issued by the Magistrate Judge ("Reconsideration Order"), Doc. No. 111 at 8.  U.S. District Judge Leslie Kobayashi afforded Plaintiff an opportunity to file an amended appeal of the Order, but imposed a deadline of March 3, 2017 to do so, and identified issues to be addressed in any amended appeal.  Id. at 8-9.  Plaintiff did not file an amended appeal of the Order.

On March 13, 2017, Plaintiff filed an appeal of the Reconsideration Order.  Doc. No. 114.  The Ninth Circuit dismissed the appeal for lack of jurisdiction on April 21, 2017.  Doc. No. 118.

On May 1, 2017, Defendants filed a motion for sanctions against Plaintiff.  Doc. No. 119.  The motion was heard on June 23, 2017.  The same day, this Court issued an Order Granting Defendants' Motion for Sanctions Against Plaintiff ("Sanction

Order"). Doc. No. 125. This Court declined to recommend dismissal at that time, but again ordered Plaintiff to provide complete and detailed responses to Defendants' interrogatories by July 7, 2017, and awarded Defendants the fees and costs incurred in connection with the motion. Id. at 5. The Court cautioned Plaintiff that his failure to timely produce responses would result in the imposition of additional sanctions, including the possibility of dismissal. Id. at 6. On June 29, 2017, the Court issued an Entering Order ("EO") concluding that defense counsel reasonably and necessarily incurred $739.50 in fees. Doc. No. 129.

On July 10, 2017, Plaintiff filed a document entitled "Verification of Plaintiff's Objection to the 6/23/17 Order Granting Defendants' Motion for Sanctions Against Plaintiff." Doc. No. 130. On October 12, 2017, Judge Kobayashi issued an Order Denying Plaintiff's Appeal of the Magistrate Judge's Order Granting Defendants' Motion for Sanctions Against Plaintiff and the Magistrate Judge's Entering Order Determining the Amount of the Sanction ("10/12/17 Order"). Doc. No. 134. Plaintiff was ordered to provide complete and detailed responses to the interrogatories by November 9, 2017, and to remit payment of the $739.50 sanction by November 16, 2017. Id. at 12.

On October 30, 2017, Plaintiff filed a document entitled "Verification Plaintiff's Objection to Judge's Order

3

10/12/17 Continue to Avoid this Court's Lack of Jurisdiction Based on Undisputed Violations in Removal 09/28/2015 Proof of Evidence in the Docket at [Dkt. Nos. 1-135]."  Doc. No. 135.  In an October 31, 2017 EO, Judge Kobayashi construed the filing as a motion for reconsideration of the 10/12/17 Order and denied the same.  Doc. No. 136.  The November 9 and 16, 2017 deadlines to produce responses to the interrogatories and to pay the $739.50 sanction, respectively, remained in effect.  Id.  A formal order issued on November 7, 2017 ("11/7/17 Order"), again ordering Plaintiff to comply with the foregoing deadlines.  Doc. No. 137.

On November 13, 2017, Plaintiff filed a document entitled "Verification Plaintiff's Reply and Objection to Judge Kobayashi's Order/Judgement [Dkt. No. 134] 10/12/2017, [Dkt. No. 136] 10/31/2017 and Judge Chang's Order [Dkt. No. 125] 06/23/2017."  Doc. No. 139.  Because Plaintiff signed and mailed this filing prior to receiving the 11/7/17 Order, Judge Kobayashi construed it as a supplemental memorandum in support of Plaintiff's motion for reconsideration.  Doc. No. 141.

On November 14, 2017, Plaintiff appealed the 10/12/17 Order.[1]  Doc. No. 140.  On December 19, 2017, the Ninth Circuit dismissed Plaintiff's appeal for lack of jurisdiction.  Doc. No. 146.

---

[1]  Plaintiff failed to pay the requisite fee.

4

## DISCUSSION

Defendants request that the Court impose terminating sanctions and award attorneys' fees incurred in connection with this Motion.  Federal Rule of Civil Procedure ("FRCP") 37(b)(2)(A) states:

> If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order[2] to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.  They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to

---

[2] Courts can apply FRCP 37(b)(2) to enforce oral orders as well as minute orders.  <u>Yourish v. Cal. Amplifier</u>, 191 F.3d 983, 987 (9th Cir. 1999) (discussing <u>Henry v. Sneiders</u>, 490 F.2d 315 (9th Cir. 1974)).

5

>  obey any order except an order to submit to a
>  physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).  Courts have wide discretion to impose appropriate sanctions under Rule 37, but the court's discretion to impose terminating sanctions is narrowed.  Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004).  This is because terminating sanctions, such as the dismissal of a plaintiff's action, are very severe.  Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007).  A court's use of sanctions must be tempered by due process.  United States v. Sumitomo Marine & Fire Ins. Co., 617 F.2d 1365, 1369 (9th Cir. 1980).  Thus, the harshest sanctions are inappropriate if the failure to comply was due to a party's inability to comply or to circumstances beyond the party's control.  Id.  "Only 'willfulness, bad faith, and fault' justify terminating sanctions."  Connecticut Gen. Life, 482 F.3d at 1096 (citation omitted).

The Ninth Circuit has constructed a five-part test to determine whether case-dispositive sanctions are warranted:

> "(1) the public's interest in expeditious
> resolution of litigation; (2) the court's need to
> manage its dockets; (3) the risk of prejudice to
> the party seeking sanctions; (4) the public policy
> favoring disposition of cases on their merits; and
> (5) the availability of less drastic sanctions."
> The sub-parts of the fifth factor are whether the
> court has considered lesser sanctions, whether it
> tried them, and whether it warned the recalcitrant
> party about the possibility of case-dispositive
> sanctions.

Id.  This test is not a mechanical one.  Id.  "The list of factors amounts to a way for a district judge to think about what to do, not a series of conditions precedent before the judge can do anything, and not a script for making what the district judge does appeal-proof."  Id. (citation and quotations omitted).

Where, as here, the party to be sanctioned violated a Court Order, the first and second factors weigh in favor of, and the fourth cuts against, terminating sanctions.  Computer Task Group, 364 F.3d at 1115.

A.   Public's Interest in Expeditious Resolution and Court's Need to Manage its Docket

"The public's interest in expeditious resolution of litigation always favors dismissal."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citation omitted).  Moreover, "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants such as [Plaintiff]."  Id. (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992)).  Plaintiff's failure to comply with the Discovery Order, Sanction Order, and multiple orders issued by Judge Kobayashi, has resulted in additional motions practice and is interfering with the orderly progression of this action.  So too is Plaintiff's abusive and unfounded use of the appeals process to impede the proceedings.  The first two factors accordingly weigh in favor of terminating sanctions.

B.   The Risk of Prejudice to Defendants

The Court next considers the prejudice to Defendants. "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Id. (citing Malone v. United States Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987)).  Delay alone is not sufficient prejudice. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990) (citing United States ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co., 857 F.2d 600, 604 (9th Cir. 1988)).  Here, Plaintiff's violation of Court orders, submission of meritless filings, and repeated appeals to the Ninth Circuit, have forced Defendants to expend time and incur unnecessary expenses. Moreover, Plaintiff's dilatory conduct, including his refusal to engage in the discovery process, has and continues to impair Defendants' ability to proceed to trial.  This in turn threatens to interfere with the rightful decision of the case.  The continued burden to Defendants, caused by the delays, would be unduly prejudicial.

C.   Public Policy Favoring Disposition of Cases on Their Merits

The Court acknowledges that the policy favoring disposition of cases on their merits weighs against dismissal. Pagtalunan, 291 F.3d at 643 (citing Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)) ("Public policy favors

8

disposition of cases on the merits."). However, considering the totality of the circumstances and because all of the preceding factors favor the imposition of terminating sanctions, this factor is outweighed.

D.  <u>Availability of Less Drastic Sanctions</u>

In the present case, the Court has imposed less drastic sanctions to no avail. Additional fee awards would be ineffective, as Plaintiff refuses to remit payment, notwithstanding multiple Court orders requiring him to do so. The imposition of other sanctions would be equally futile given Plaintiff's ongoing contumacy and willful, bad faith conduct. The Court has afforded Plaintiff many opportunities over the course of nearly one year to comply with its orders, which have been met with defiance. Even multiple threats of dismissal could not compel Plaintiff to obey Court orders. Accordingly, this factor supports terminating sanctions.

Upon application of the relevant factors, the Court finds that terminating sanctions are appropriate. As such, the Court recommends dismissal of this action.

Defendants additionally request attorneys' fees associated with this Motion. In lieu of, or in addition to, any of the sanctions listed in FRCP 37(b)(2)(A), "the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the

failure was substantially justified or other circumstances make an award of expenses unjust."   Fed. R. Civ. P. 37(b)(2)(C).

Per the Court's foregoing discussion, and based on the record currently before the Court, Plaintiff's failure to produce complete and detailed responses to Defendants' interrogatories and timely remit the fee award, and his violation of multiple Court orders, were not substantially justified.  Nor do circumstances exist that would make an award of expenses unjust.  Attorneys' fees associated with this Motion are therefore appropriate.  Defense counsel is to submit a declaration setting for the fees reasonably incurred in connection with this Motion.  The Court will thereafter supplement this Findings and Recommendation to include the recommended fee award.

## CONCLUSION

Based on the foregoing, the Court RECOMMENDS that Defendants' Motion for Sanctions Against Plaintiff, filed December 5, 2017, be GRANTED, and that this action be DISMISSED.

IT IS SO FOUND AND RECOMMENDED.

DATED:    Honolulu, Hawaii, January 22, 2018.

  

Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 15-00383 LEK-KSC; YOUNG V. KRAUS, et al.; FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION FOR SANCTIONS AGAINST PLAINTIFF