```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF HAWAII

CHRISTOPHER YOUNG,               )    CIVIL 15-00383 LEK-KSC
                                 )
          Plaintiff,             )
                                 )
     vs.                         )
                                 )
MICHAEL M. KRAUS, Owner of       )
Tree Works Inc., COUNTY OF       )
HAWAII, POLICE DEPARTMENT,       )
PATRICK T. KIHARA as a Police    )
Officer in the County of         )
Hawaii, State of Hawaii, JOHN    )
DOES 1-10, JANE DOES 1-10,       )
DOE CORPORATIONS 1-10, DOE       )
PARTNERSHIPS 1-10, AND DOE       )
GOVERNMENT ENTITIES 1-10,        )
                                 )
          Defendants.            )
_____  )
```

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

On January 22, 2018, the magistrate judge filed his Findings and Recommendation to Grant Defendants' Motion for Sanctions Against Plaintiff ("1/22/18 F&R"). [Dkt. no. 152.] On January 24, 2018, the magistrate judge filed an entering order as a supplement to the 1/22/18 F&R ("1/24/18 F&R Supplement"). [Dkt. no. 154.] On February 16, 2018, this Court filed an order adopting the 1/22/18 F&R, as modified by the 1/24/18 F&R Supplement ("2/16/18 Order"). [Dkt. no. 155.]

On March 9, 2018 pro se Plaintiff Christopher Young ("Plaintiff") filed a document titled

> Verification of Plaintiff's Objection to Judge
> Kevin S.C. Chang's Findings and Recommendation to

Grant Defendants' Motion for Sanctions and
Dismissal Against Plaintiff [Dkt. No. 152] on
01/22/18 and Judge Leslie E. Kobayashi's Order
Adopting Magistrate Judge's Findings and
Recommendation [Dkt. No. 155] on 2/16/18 for
Failure to Address Proof of Evidence in the
Record 1-155.

[Dkt. no. 156.] Plaintiff's filing has been construed as a motion for reconsideration of the 2/16/18 Order ("Motion for Reconsideration"). [EO: Court Order Regarding Pltf.'s "Objection" Filed on March 9, 2017 [sic], filed 3/12/18 (dkt. no. 157).] The Court has considered the Motion for Reconsideration as non-hearing matter pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i. Plaintiff's Motion for Reconsideration is hereby denied for the reasons set forth below.

## BACKGROUND

The parties and this Court are familiar with the factual and procedural background of this case, and only the background relevant to the Motion for Reconsideration will be repeated here.

At the time of the 1/22/18 F&R, Defendants Michael M. Kraus and Tree Works, Inc. ("the Tree Works Defendants") were the only remaining defendants in this case. See Order Denying the Portion of Pltf.'s Motion Seeking Reconsideration of this Court's January 27, 2017 Order and Denying Without Prejudice the Portion of the Motion Attempting to

Appeal the Order or Rulings Issued by the Magistrate Judge, filed 2/17/17 (dkt. no. 111) ("2/17/17 Reconsideration Order"), at 9 (terminating Defendants the County of Hawai`i, the County of Hawai`i Police Department, and Patrick T. Kihara as parties).[1]

The 1/22/18 F&R recommended that this Court grant the Tree Works Defendants' Motion for Sanctions Against Plaintiff ("Motion for Sanctions"), [filed 12/5/17 (dkt. no. 142)]. The Tree Works Defendants sought dismissal of Plaintiff's claims against them on the ground that Plaintiff failed to comply with orders filed on June 23, 2017, October 12, 2017, and November 7, 2017. [Motion for Sanctions at 2; Mem. in Supp. of Motion for Sanctions at 7.] Plaintiff did not file a memorandum in opposition to the Motion for Sanctions, but presented arguments at the January 22, 2018 hearing on the Motion for Sanctions. [Minutes, filed 1/22/18 (dkt. no. 151).]

In the 1/22/18 F&R, the magistrate judge found Plaintiff's failure to comply with multiple court orders "resulted in additional motions practice and . . . interfer[ed] with the orderly progression of this action." [1/22/18 F&R at 7.] In addition, Plaintiff's "abusive and unfounded use of the appeals process . . . impede[d] the proceedings." [Id.] The burdensome delays caused by Plaintiff's tactics "threaten[ed] to

---

[1] The 2/17/17 Reconsideration Order is also available at 2017 WL 659393.

interfere with the rightful decision of the case," and further delays "would be unduly prejudicial" to the Tree Works Defendants. [Id. at 8.] The magistrate judge also found prior attempts to discourage Plaintiff's tactics through sanctions less drastic than dismissal were unsuccessful. The magistrate judge therefore recommended dismissal of Plaintiff's claims against the Tree Works Defendants and an award of attorney's fees incurred in connection with the Motion for Sanctions. [Id. at 9-10.] The 1/24/18 F&R Supplement recommended the Tree Works Defendants be awarded $826.50 in attorney's fees. [Dkt. no. 154.] As previously noted, the 2/16/18 Order adopted the 1/22/18 F&R, as modified by the 1/24/18 F&R Supplement.

In the instant Motion for Reconsideration, Plaintiff argues reconsideration of the 2/16/18 Order is warranted because: this Court, the magistrate judge, the defendants, and defense counsel are corrupt; the 1/22/18 F&R did not address all of the relevant evidence in this case; this case was improperly removed from state court; the Ninth Circuit is also corrupt, and this case has been improperly allowed to proceed while Plaintiff's Ninth Circuit appeals were pending; Kraus's liability for the injuries Plaintiff suffered in the motor vehicle accident at issue in this case has never been addressed; Kihara's liability for failing to issue a citation regarding the accident has not been addressed; and this case presents many issues regarding the

4

violation of Hawai`i insurance laws, which should be addressed in the state courts.

**STANDARD**

The 2/16/18 Order was a case dispositive order. In light of Plaintiff's pro se status, his Motion for Reconsideration is liberally construed as a Fed. R. Civ. P. 59(e) motion. See, e.g., Pregana v. CitiMortgage, Inc., Civil No. 14-00226 DKW-KSC, 2015 WL 1966671, at *2 (D. Hawai`i Apr. 30, 2015) ("The Court liberally construes the [plaintiffs'] filings because they are proceeding pro se." (citing Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987))).

Rule 59(e) states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Plaintiffs may seek reconsideration pursuant to Rule 59(e), even though final judgment has not been entered in this case. See Grandinetti v. Sells, CIV. NO. 16-00517 DKW/RLP, 2016 WL 6634868, at *1 (D. Hawai`i Nov. 8, 2016) ("When a ruling has resulted in a final judgment or order . . . a motion for reconsideration may be construed as either a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) or a motion for relief from judgment under Rule 60(b)." (citing Sch. Dist. No. 1J Multnomah Cty. v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993))).

> Rule 59(e) offers "an extraordinary remedy, to be used sparingly in the interests of finality and

5

conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotation marks and citation omitted). In the Ninth Circuit, a successful motion for reconsideration must accomplish two goals. First, "a motion for reconsideration must demonstrate some reason why the court should reconsider its prior decision." Na Mamo O `Aha `Ino v. Galiher, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999). Second, it "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id.

Courts have established three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011); Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998). The District of Hawaii has implemented these standards in Local Rule 60.1.

United States ex rel. Atlas Copco Compressors LLC v. RWT LLC, Civ. No. 16-00215 ACK-KJM, 2017 WL 2986586, at *1 (D. Hawai`i July 13, 2017).

**DISCUSSION**

To the extent the Motion for Reconsider alleges this case was wrongfully removed and should be decided in state court, Plaintiff's arguments have been considered and rejected in multiple prior orders. See, e.g., Order Denying "Verification of Plaintiff's Objection to Judges Failiar to Address the Rule 4 Violations of the Defendants County's Counsel in the Removal on 9/28/2015," filed 4/19/16 (dkt. no. 46), at 5-7; Order Denying Pltf.'s Appeal of the Magistrate Judge's Order Granting Defs.'

Motion for Sanctions Against Pltf., filed 10/12/17 (dkt. no. 134), at 5-6; Order Denying Pltf.'s Motion for Reconsideration, filed 11/1/17 (dkt. no. 11/7/17), at 4-5.[2] This Court will not revisit those arguments here. Moreover, neither the 1/22/18 F&R, the 1/24/18 F&R Supplement, nor the 2/16/18 Order addressed issues related to removal and remand. Plaintiff's arguments related to removal and remand cannot be grounds for reconsideration of the 2/16/18 Order.

Similarly, the 1/22/18 F&R, the 1/24/18 F&R Supplement, and the 2/16/18 Order did not address Plaintiff's claims against Kihara, and this Court has already disposed of those claims on the merits. [Order Granting in Part and Denying in Part the County Defs.' Motion to Dismiss Christopher Young Amendment (Sic) of Complaint Filed March 4, 2016 [Document 35], filed 1/27/17 (dkt. no. 106) ("1/27/17 Dismissal Order"), at 9-15;[3] 2/17/17 Reconsideration Order at 3-7.] Plaintiff's arguments related to his claims against Kihara cannot be grounds for reconsideration of the 2/16/18 Order.

Plaintiff is correct that his claims against Kraus have not been addressed on the merits, and the 2/16/18 Order does not

---

[2] The 4/19/16 order, the 10/12/17 order, and the 11/7/17 order are also available at 2016 WL 1587217, 2017 WL 4560129, and 2017 WL 5163237, respectively.

[3] The 1/27/17 Dismissal Order is also available at 2017 WL 390268. The 2/17/17 Reconsideration Order denied Plaintiff's motion for reconsideration of the 1/27/17 Order.

address all of the evidence in this case.  However, these arguments do not constitute grounds for reconsideration of the 2/16/18 Order because Plaintiff's claims against Kraus have been dismissed, not on the merits, but as a sanction for Plaintiff's repeated failure to comply with court orders.  The fact that Plaintiff's claims against Kraus have not been addressed on the merits is not grounds for reconsideration of the 2/16/18 Order.

Plaintiff also argues this case should not have been allowed to proceed while his appeals were pending before the Ninth Circuit.  First, Plaintiff never moved for a stay pending any of his appeal.  Second, even if he had made such motions, they would have been denied because all of the appeals were dismissed for lack of jurisdiction; none of Plaintiff's appeals were considered on the merits.  <u>See</u> Ninth Circuit Order, filed 6/10/16 (dkt. no. 62); Ninth Circuit Order, filed 8/29/16 (dkt. no. 74); Ninth Circuit Order, filed 4/21/17 (dkt. no. 118); Ninth Circuit Order, filed 12/19/17 (dkt. no. 146).  To the extent Plaintiff seeks reconsideration of the 2/16/18 Order on the ground that he was not required to comply with the court orders discussed in the 1/22/18 F&R during the pendency of his Ninth Circuit appeals, Plaintiff's argument is rejected.

Finally, Plaintiff's corruption argument fails.  To the extent he alleges his failure to comply with court orders should not be sanctioned because of misconduct by the Tree Works

Defendants and their counsel, Plaintiff has failed to identify any specific misconduct, violation of the applicable rules, or violation of court orders.  Further, Plaintiff never sought and obtained sanctions against the Tree Works Defendants.  Plaintiff has also failed to identify any specific judicial misconduct.  To the extent Plaintiff believed there was any judicial impropriety, his remedy was to file a motion to recuse, which he did not do.  Plaintiff's unsubstantiated beliefs that the Tree Works Defendants and their counsel were corrupt and that there was judicial misconduct in this case did not excuse him from complying with court orders and do not constitute grounds for reconsideration of the 2/16/18 Order.  The alleged corruption is nothing more than a suspicion based on Plaintiff's disagreement with the Tree Works Defendants' position and with the judicial rulings in this case.  "Mere disagreement with a previous order is an insufficient basis for reconsideration."  Davis v. Abercrombie, Civil No. 11-00144 LEK-BMK, 2014 WL 2468348, at *3 n.4 (D. Hawai`i June 2, 2014) (citations and internal quotation marks omitted).

Plaintiff has therefore failed to present any ground that warrants reconsideration of the 2/16/18 Order.

## CONCLUSION

On the basis of the foregoing, Plaintiff's March 9, 2018 "Objection," which has been construed as a motion for

reconsideration of this Court's February 16, 2018 order, is HEREBY DENIED.  The Clerk's Office is DIRECTED to enter final judgment and close the case immediately.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 9, 2018.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**CHRISTOPHER YOUNG VS. MICHAEL M. KRAUSE, ETC., ET AL; CIVIL 15-00383 LEK-KSC; ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**